IN RE GUARDIANSHIP OF JOHNSON.

(No. 86AP-566—Decided January 27, 1987.)

*Michael Kirkman,* for appellant Tamela D. Johnson.

*Smith & Hill* and *Beth Eyerman Theibert,* for appellee Kenneth E. Johnson.

*Leighton & Love* and *Donald P. Love,* for Evelyn M. Frison.

McCORMAC, J. This case is on appeal from a decision of the Court of Common Pleas of Franklin County, Probate Division, sustaining the motion of appellee, Kenneth E. Johnson, for a psychiatric evaluation of appellant, Tamela D. Johnson, and denying appellant's request for a protective order prohibiting appellee from using appellant's social security income to pay for the examination.

On April 17, 1986, appellee filed his application with the probate court for the appointment as appellant's guardian. Appellee's stated reason for the application was that the "[p]roposed Ward has Down's Syndrome, and has been attending Franklin County Schools for Mentally Retarded in excess of ten years, is incapable of caring for herself." Appellee was listed as the father of the proposed ward and Evelyn M. Frison was listed as the mother. Appellant's age was listed as twenty-one. On April 18, 1986, notice of appellee's application for appointment was sent to Frison. On April 30, 1986, notice of appellee's application was sent to appellant.

On May 1, 1986, Frison filed her application for the appointment as appellant's guardian. The stated reason was that "[t]he Ward has Downe's [*sic*] Syndrome and attends the Franklin County Training Program." On May 1, 1986, notice of Frison's application for appointment was sent to appellee.

A hearing was scheduled for May 8, 1986, for both applications. On May 1, 1986, appellee filed a motion seeking a court-ordered psychiatric evaluation of appellant pursuant to Civ. R. 35(A). The motion was set for hearing on May 8, 1986.

On May 8, 1986, appellant filed a memorandum contra appellee's motion to order an examination. After the May 8, 1986 hearing, the probate court ordered the psychiatric examination of appellant by the following entry:

"This matter came on for hearing on the 8th day of May, 1986 on the written Motion of Applicant Kenneth

E. Johnson, and memorandum Contra of Respondent Tamela D. Johnson, requesting a psychiatric evaluation of the proposed ward, Tamela D. Johnson. The Court finds said Motion well taken and hereby sustains the same.

"Further, Respondent's request for a protective order prohibiting Applicant from using Ms. Johnson's social security to pay for said examination is hereby denied.

"WHEREFORE, IT IS HEREBY ORDERED that Respondent Tamela D. Johnson under [sic] a psychiatric examination by Dr. Robert L. Turton, D.O., 111 West 3rd, Columbus, Ohio. It is further ORDERED that Applicant Kenneth E. Johnson is to deposit with this court, $150.00 to cover the costs of said examination. It is further ORDERED that the regular school reports of the Southeast M.R. Training Center of Tamela D. Johnson are to be submitted to Dr. Turton and considered by him in his evaluation of Respondent."

Appellant has filed the following statement of proceedings approved by the trial court pursuant to App. R. 9(C). This statement of proceedings provides as follows:

"1. On May 8, 1986, the Motion of Kenneth E. Johnson for a psychiatric examination of respondent, Tamela D. Johnson, was set for hearing before the Honorable Richard B. Metcalf, Judge of the Probate Division of the Franklin County Common Pleas Court;

"2. A conference on the motion was held in camera with counsel for all parties present;

"3. No court reporter was present;

"4. The court took no testimony from witnesses, but heard arguments of counsel;

"5. After hearing the arguments of counsel, the court indicated that it would sustain the motion for an ex-amination, and suggested that the examination be done by Robert L. Turton, D.O.

"6. The court denied the request for a protective order regarding the social security monies held by Kenneth E. Johnson as payee of Tamela D. Johnson, and ruled that the cost of the examination would be treated as a cost of the proceeding.

"7. The court required Kenneth E. Johnson to deposit One Hundred Fifty Dollars ($150.00) with the court before the examination would take place."

Appellant asserts the following assignments of error:

"1) The court erred by ordering a psychiatric examination of respondent.

"2) The trial court erred by denying respondent's motion for a protective order."

Appellee has raised several procedural issues which we will first address. In responding to appellant's first assignment of error, appellee argues that appellant's proper channel to address and remedy the trial court's failure to specify the time, place, manner, conditions and scope of the examination was a Civ. R. 26(C) motion for a protective order. Civ. R. 26(C) provides, in part:

"Upon motion by any party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense * * *."

Civ. R. 26(C) court orders are designed to prevent an abuse of the discovery process. The rule permits a person to seek protection from the opposing party, not from the court's own orders. Therefore, we reject appellee's argument that appellant should have sought a Civ. R. 26(C) protective order.

Appellee also argues that appellant is estopped from disputing the sufficiency of the entry as it was approved by appellant's counsel. Appellee misunderstands the meaning of an approved entry. The probate court, in conference, informed the parties that it would sustain the motion for a psychiatric examination. The entry that was subsequently filed reflected the court's decision. By approving this entry, the attorneys have merely indicated that the entry properly reflects the court's previous decision. Such procedure is contemplated by the local rules of court. See Rule 39.01 of the Franklin County Rules of Practice of the Court of Common Pleas, General Division. Therefore, this argument is without merit.

Finally, appellee submits that the appeal is premature and should be dismissed because the court's order was not final and appealable. R.C. 2505.02 defines a "final order" as "[a]n order affecting a substantial right in an action which in effect determines the action and prevents a judgment, *an order affecting a substantial right made in a special proceeding* or upon a summary application in an action after judgment, or an order vacating or setting aside a judgment and ordering a new trial * * *." (Emphasis added.)

The issue thus presented is whether the order for a psychiatric examination affects a substantial right and was made in a special proceeding. Generally, discovery orders are interlocutory and non-appealable. See *Klein* v. *Bendix-Westinghouse Co.* (1968), 13 Ohio St. 2d 85, 42 O.O. 2d 283, 234 N.E. 2d 587. However, if the discovery order affects a substantial right and was made in a special proceeding, it is appealable. In *Amato* v. *General Motors Corp.* (1981), 67 Ohio St. 2d 253, 21 O.O. 3d 158, 423 N.E. 2d 452, the court employed a balancing test, weighing the harm to the prompt and orderly disposition of litigation and the consequent waste of judicial resources resulting from the allowance of an appeal, with the need for immediate review because appeal after final judgment is not practicable. *Id.* at 258, 21 O.O. 3d at 161, 423 N.E. 2d at 456. In the instant case, the harm to the prompt and orderly disposition of litigation will be relatively slight as the instant motion for a psychiatric examination was made prior to any determination of guardianship. Of more significance is the fact that appeal after final judgment is not practicable because the harm caused by the order cannot be corrected on appeal. Based on this analysis, we hold that a Civ. R. 35(A) order for a psychiatric examination affects a substantial right when made in a guardianship proceeding. Thus, there is subject matter jurisdiction over the matter appealed.

In her first assignment of error, appellant argues that the trial court erred by ordering a psychiatric examination of appellant. The granting or denial of a Civ. R. 35 motion rests within the sound discretion of the trial court. *Coca-Cola Bottling Co. of Puerto Rico, Inc.* v. *Torres* (C.A. 1, 1958), 255 F. 2d 149. Civ. R. 35(A) provides:

"(A) Order for examination. When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is *in controversy,* the court in which the action is pending may order the party to submit himself to a physical or mental examination or to produce for such examination the person in the party's custody or legal control. The order may be made only on *motion for good cause shown* and upon notice to the person to be examined and to all parties and *shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made."* (Emphasis added.)

44

The only difference between the Ohio and the federal rules is that the reference to a physician is deleted from the Ohio rule. The key factors that a court must find before ordering a psychiatric examination are that the mental or physical condition of a party be "in controversy" and that the movant establish "good cause." Both elements were addressed in detail by the United States Supreme Court in *Schlagenhauf* v. *Holder* (1964), 379 U.S. 104. The court held that the "in controversy" and "good cause" requirements of Civ. R. 35 are not automatically established by mere conclusory allegations of the pleadings, nor by mere relevance to the case. If debatable, there must be an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination.

In *Paul* v. *Paul* (Fla. App. 1979), 366 So. 2d 853, the court defined "in controversy" as "directly involved in some material element of the cause of action or defense." The court further held that "good cause" can be shown when "the mental state of a party, even though in controversy, could not adequately be evidenced without assistance of expert medical testimony." *Id.*

In the instant case, the "in controversy" element was established. R.C. 2111.02 provides that the probate court, on application, shall appoint a guardian for an incompetent person. Incompetent is defined as "any person who by reason of * * * mental or physical disability or infirmity, * * * mental retardation, or mental illness, is incapable of taking proper care of himself or his property * * *." R.C. 2111.01(D). A guardian cannot be appointed for appellant unless she is incompetent. Thus, the mental condition of appellant is directly involved in the most material element of the cause of action and is "in controversy," simply from the nature of the proceedings.

However, the good cause element was not established from the pleadings. There were only appellee's statements that appellant had Down's syndrome and that she had been in schools for the mentally retarded and was unable to care for herself. There was no evidence of these facts; conceivably, the claims in the guardianship application could not be established. This case is to be distinguished from the case where plaintiff files a claim for damages for back or psychiatric injuries where the party to be examined had, by the pleadings, established both the matter in controversy and good cause for a medical examination by defendant for the alleged condition. In a guardianship case, the proposed ward, the object of the examination, has not voluntarily submitted the condition to the court and would not be subject to examination until evidence of good cause is shown at a hearing unless the need therefor is conceded. While, in this case, the need therefor may be easily established, it cannot be established by argument of counsel absent waiver. Thus, the trial court erred in finding good cause for the examination solely on the basis of the statements in the application and the *in camera* arguments of counsel.

Moreover, the trial court erred by failing to specify the time, place, manner, conditions and scope of the ordered examination as required specifically by Civ. R. 35(A). Appellant's first assignment of error is sustained.

In her second assignment of error, appellant argues that the probate court erred by denying her motion for a protective order prohibiting appellee from using appellant's social security income to pay for the examination. The denial of that motion is not appealable for two reasons. First, no examination

has yet been ordered in light of our decision on the first assignment of error. Second, even had the order for an examination been sustained, there was as yet no order that it be paid for from appellant's social security funds. If the trial court subsequently orders these funds to be used to pay for the examination, if ordered, the issue may be appealable at the appropriate time. The trial court's order was interlocutory under the provisions of R.C. 2505.02.

Appellant's second assignment of error is overruled.

Appellant's first assignment of error is sustained, and appellant's second assignment of error is overruled. The judgment of the probate court is reversed and the cause is remanded to that court for further proceedings consistent with this opinion.

*Judgment reversed
and cause remanded.*

WHITESIDE and FUERST, JJ., concur.

FUERST, J., of the Cuyahoga County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.