MONTECALVO, Appellee;

v.

MONTECALVO, Appellant.

[Cite as *Montecalvo v. Montecalvo* (1999), 126 Ohio App.3d 377.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 98–T–0175.

Decided Jan. 25, 1999.

378

*Anthony G. Rossi,* for appellee.

*Bruce M. Broyles,* for appellant.

FORD, Presiding Judge.

This matter comes before the court on the motion of appellee, Lawrence G. Montecalvo, to dismiss this appeal for a lack of a final appealable order. Appellant, Valerie A. Montecalvo, n.k.a. Nalbach, filed a memorandum in opposition to appellee's motion. Neither party cites any legal precedent in support of their respective positions regarding the finality of the trial court's judgment.

The parties to this appeal were previously granted a divorce and custody of their minor children was awarded to appellant. Appellee was given companionship rights.

In September 1998, appellee filed a motion for shared parenting, seeking more access to the children. In response, appellant filed a motion to modify appellee's companionship rights, seeking to curtail his access to the children. She also filed a motion for a temporary protection order restraining appellee from committing acts of domestic violence on the children while they are in his possession. The motions were heard on October 1, 1998.

On October 2, 1998, the trial judge entered a judgment denying appellant's motion for a protection order, finding that appellee did not commit domestic violence against the children. However, the court restrained both parties and appellant's current husband from intentionally inflicting physical or emotional harm upon the children.

As to the motions regarding custody, the court found that it did not have enough information to resolve the issue. To obtain additional information, the trial court ordered appellee, appellant, and appellant's current husband to submit to the following: (1) a hair (head) drug test, (2) traditional drug tests, and (3) psychological evaluations. The results of the tests and evaluations were to be forwarded to the court for review.

Appellant appealed, and on the docketing statement, she listed the following as the possible issue for review: "Whether [the] trial court abused its discretion in ordering parties to submit to various testing, evaluations and counseling on motion for modification of visitation." On November 16, 1998, we entered a judgment staying the trial court's orders pending this appeal.

Any order made in a special proceeding that affects a substantial right is appealable under R.C. 2505.02(B)(2). In *State ex rel. Papp v. James* (1994), 69 Ohio St.3d 373, 379, 632 N.E.2d 889, 894–895, the Supreme Court of Ohio held that divorce proceedings are "special proceedings" for the purposes of R.C. 2505.02. The question here is whether the October 2, 1998 order "affects a substantial right." If so, it is appealable.

In *Bell v. Mt. Sinai Med. Ctr.* (1993), 67 Ohio St.3d 60, 63, 616 N.E.2d 181, 183–184, the court held that an order "affects a substantial right" if appropriate relief in the future would be foreclosed if an appeal were not allowed immediately.

In the present case, the trial court ruled that the evaluations were necessary to decide the parties' underlying custody dispute. Civ.R. 35(A) expressly provides that a trial court may order the parties to submit to an

examination of their "mental or physical condition (including the blood group)." While there is no specific statutory authority for a court to order such testing, the Staff Note to Civ.R. 35 acknowledges that "physical and mental examinations of parties are an established part of Ohio practice * * *." (Citations omitted.) The broad discretion afforded to a trial court to conduct such examinations, although not dispositive, is indicative of the extent that such testing affects a substantial right. See *Crean v. Britton* (Jan. 10, 1981), Washington App. No. 80 X 17, unreported, 1981 WL 5940; *Ashworth v. Powers* (Nov. 8, 1991), Greene App. No. 90–CA–103, unreported, 1991 WL 233917; see, generally, *State v. Marut* (1989), 63 Ohio App.3d 487, 489–490, 579 N.E.2d 281, 283–284.

We can envision situations where a trial court's order regarding physical or mental examinations would be so intrusive as to warrant immediate appellate review. However, we can find nothing in the record before this court evidencing such abuse in this case. Aside from blanket assertions that the current appeal is a "final appealable order," appellant has failed to convince this court that her rights are being unduly infringed upon, and, most significantly, why an appeal from the trial court's final custody determination in this matter will not adequately afford her a meaningful or effective remedy.

In making our determination, we are aware of a string of decisions from the Tenth Appellate District which hold that a trial court judgment ordering a psychological evaluation, pursuant to Civ.R. 35(A), constitutes a final appealable order within the context of custody proceedings. *In re Guardianship of Johnson* (1987), 35 Ohio App.3d 41, 43, 519 N.E.2d 655, 658–659; *Shoff v. Shoff* (July 27, 1995), Franklin App. No. 95APF01–8, unreported, 1995 WL 450249; and *Williamson v. Williamson* (Nov. 25, 1997), Franklin App. No. 97APF05–629, unreported, 1997 WL 746425. The rationale for the Tenth District's determination of this issue, without further elaboration, is the extent of the "harm caused by the order [for a psychological examination that] cannot be corrected on appeal." *In re Guardianship of Johnson*, 35 Ohio App.3d at 43, 519 N.E.2d at 658. Given the long-standing use of these evaluations in court proceedings throughout Ohio, we cannot agree with the blanket determination by the Tenth Appellate District. Quite simply, we fail to see what harm appellant will suffer upon submitting to a psychological examination that requires our immediate review.

Finally, this court sees no reason to address at this juncture appellant's argument regarding the denial of her motion requesting a temporary protection order preventing appellee from harming the parties' children. Aside from the interlocutory nature of appellant's request, we note that the trial court issued an order enjoining both parties from causing harm to the children. As with appellant's request to seek immediate review of the trial court's order requiring the parties to submit to various drug and psychological evaluations, we fail to see

why immediate review of the trial court's denial of a temporary protection order is necessary under the circumstances of this case.

Based on the foregoing, we hold that the order appealed from is not a final appealable order. Consequently, the appeal is hereby dismissed.

*Appeal dismissed.*

NADER, J., concurs.

WILLIAM M. O'NEILL, J., dissents.