DECISION AND JUDGMENT ENTRY
On November 28, 2000, Teresa Remy Davis, plaintiff below and appellant herein, filed her notice of appeal from the November 7, 2000 "Magistrate's Order" and the trial court's November 22, 2000 "Order" that "adopted" the November 7th magistrate's order.[1] On January 9, 2001, the trial court filed a "Nunc Pro Tunc Order" that provides: (1) that Alton Davis, defendant below and appellee herein, is entitled to a report of the examination conducted by Dr. Smalldon; and (2) that appellee shall be entitled to take the deposition of Dr. Smalldon if his report is not available.[2]
We believe that a summary of the relevant facts is necessary to clarify the status of the parties and how the underlying issues in the trial court led to the case sub judice. Appellant filed a complaint for divorce on May 18, 1999. The following day, the court designated appellant as the residential parent of the parties' minor child, Tess, and granted appellee supervised visitation.
On December 30, 1999, appellant filed a motion to have herself, appellee and Tess submit to psychological evaluations to be conducted by Dr. James R. Hagen, Ph.D. Appellee agreed to the evaluations. Appellant filed an additional memorandum urging the court to appoint Dr. Hagen as the court's psychologist if appellee opposed the selection of this doctor. On March 10, 2000, the Court appointed Dr. Hagen as the psychologist to conduct the evaluations.
On April 4, 2000, appellant filed a motion to substitute Dr. Jeffrey L. Smalldon, Ph.D., as the psychologist to conduct the evaluations and to discharge Dr. Hagen. Appellee opposed the substitution of psychologists because Dr. Hagen had evaluated appellee pursuant to appellant's request.
On May 15, 2000, the court ordered appellee to submit to an evaluation by Dr. Smalldon. Dr. Smalldon evaluated appellee on June 6, 2000. On October 9, 2000, appellant filed a motion to preclude appellee from discovering the opinions of Dr. Smalldon because Dr. Smalldon would not be called as a witness at trial. Appellant contends the opinions of Dr. Smalldon are privileged because they are the "work product" of counsel.
On November 7, 2000, the magistrate issued his order that found, among other things, that:(1) Dr. Smalldon had evaluated appellee; (2) appellant's initial request for psychological examinations was made pursuant to R.C. 3109.04(C); and (3) appellee was entitled to a report of his R.C. 3109.04(C) evaluation. The magistrate's report noted that appellant's request to have Dr. Smalldon conduct the examinations cited no authority for the request. The magistrate found that Civ.R. 35 is the only authority for allowing such an examination. He further found that discovery of an expert's opinion rendered after making a psychological examination of a party is not the same as the opinion of an expert employed in "anticipation of litigation" as that phrase is used in Civ.R. 26. Appellant cannot, the magistrate reasoned, have the benefit of having appellee examined pursuant to a court order and then deny appellee the opportunity to discover the results. The trial court adopted the magistrate's decision and appellant filed a premature notice of appeal.
We have considered appellant's assertion that this appeal is taken from a final appealable order. We note that appellee did not submit a jurisdictional memorandum. Appellant contends that the order to allow appellee to obtain discovery of Dr. Smalldon's opinions affects a substantial right that will foreclose appropriate relief in the future if an appeal is not allowed immediately. Appellant contends that Dr. Smalldon's opinions are privileged because they are the "work product" of counsel and to allow appellee discovery of counsel's privileged "work product" cannot be remedied in a subsequent appeal. Appellant contends that Civ.R. 26(B), which governs the scope of discovery, supports her position. Civ.R. 26(B)(4)(a) states in its entirety:
 Subject to the provisions of subdivision (B)(4)(b) of this rule and Rule 35(B), a party may discover facts known or opinions held by an expert retained or specially employed by another party in anticipation of litigation or preparation for trial only upon a showing that the party seeking discovery is unable without undue hardship to obtain facts and opinions on the same subject by other means or upon a showing of other exceptional circumstances indicating that denial of discovery would cause manifest injustice.
Appellant's argument selectively relies on the latter portion of Civ.R. 26(B)(4)(b) and ignores the specific admonition set forth in the beginning of the rule that states the provisions of Civ.R. 26(B)(4)(a) are subject to Civ.R. 26(B)(4)(b) and to Civ.R. 35(B). Appellant further contends that Dr. Smalldon is an expert hired to aid appellant's counsel in preparing for trial and will not be called as a trial witness. Thus, appellant asserts that Dr. Smalldon's opinions are not discoverable pursuant to Civ.R. 26(B)(4)(b).[3] We note, however, that Civ.R. 35(B) requires that if a copy of a report or mental or physical examination is requested, the copy must be provided if it is available. Civ.R. 35(B) states:
 [1] If requested by the party against whom an order is made under Rule 25(A) or the person examined, the party causing the examination to be made shall deliver to such party or person a copy of the detailed written report submitted by the examiner to the party causing the examination to be made. The report shall set out the examiner's findings, including results of all tests made, diagnoses and conclusions, together with like reports of all earlier examinations of the same condition. After delivery, the party causing the examination shall be entitled upon request to receive from the party against whom the order is made a like report of any examination, previously or thereafter made, of the same condition, unless, in the case of a report of examination of a person not a party, the party shows that he is unable to obtain it. The court on motion may make an order against a party to require delivery of a report on such terms as are just. If an examiner fails or refuses to make a report, the court on motion may order, at the expense of the party causing the examination, the taking of the deposition of the examiner if his testimony is to be offered at trial.
 [2] By requesting and obtaining a report of the examination so ordered or by obtaining the deposition of the examiner, the party examined waives any privilege he may have in that action or any other involving the same controversy, regarding the testimony of every other person who has examined or may thereafter examine him in respect the same mental or physical condition.
 [3] This subdivision, 35(B), applies to examinations made by agreement of the parties, unless the agreement expressly provides otherwise.
Ohio appellate courts have jurisdiction to review the final orders or judgments of lower courts within their districts. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2501.02; Prod. Credit Assn. v.Hedges (1993), 87 Ohio App.3d 207, 621 N.E.2d 1360; Kouns v. Pemberton
(1992), 84 Ohio App.3d 499, 617 N.E.2d 701. If an order is not final and appealable pursuant to R.C. 2502.02, a court of appeals does not have jurisdiction to consider the matter.
R.C. 2505.02(B) provides, in relevant part:
 (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
* * *
 (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
* * *
A special proceeding is defined as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2); Polikoff v. Adam
(1993), 67 Ohio St.3d 100, 616 N.E.2d 213. Divorce is a special statutory proceeding as are the ancillary claims such as a change of custody.Koroshazi v. Koroshazi (1996), 110 Ohio App.3d 637, 640, 674 N.E.2d 1266,1268; State ex rel. Papp v. James (1994), 69 Ohio St.3d 373,632 N.E.2d 889. The case sub judice originated in a divorce action and currently concerns visitation issues. Thus, the orders being appealed were made in a special proceeding.
However, an order made in a special proceeding is final only if it affects a substantial right. R.C. 2505.02(B)(2). A substantial right is defined as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). "An order which affects a substantial right has been perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future." Bell v. Mt. Sinai Med. Ctr. (1993), 67 Ohio St.3d 60, 63,616 N.E.2d 181.
Appellant argues that her substantial right of maintaining the attorney work-product privilege will be affected if appellee is allowed to discover Dr. Smalldon's opinions by obtaining his report or by deposing him. We disagree. Appellant provides as authority for this position a general reference to R.C. 2505.02 and a Franklin County Court of Appeals decision. See Shoff v. Shoff (July 27, 1995), Franklin App. No. 95APF01-8, unreported. Based upon the record at the present time, we find that appellant's compliance with Civ.R. 35(B) will not result in harm that cannot be corrected by an appeal from the final order after the trial court resolves all of the issues. In Montecalvo v. Montecalvo
(1999), 126 Ohio App.3d 377, 379, 710 N.E.2d 379, 380, the court wrote:
 "In the present case, the trial court ruled that the evaluations were necessary to decide the parties' underlying custody dispute. Civ.R. 35(A) expressly provides that a trial court may order the parties to submit to an examination of their mental or physical condition (including the blood group). While there is no specific statutory authority for a court to order such testing, the Staff Note to Civ.R. 35 acknowledges that physical and mental examinations of parties are an established part of Ohio practice * * *. (Citations omitted.) The broad discretion afforded to a trial court to conduct such examinations, although not dispositive, is indicative of the extent that such testing affects a substantial right. See Crean v. Britton (Jan. 10, 1981), Washington App. No. 80 X 17, unreported, 1981 WL 5940; Ashworth v. Powers (Nov. 8, 1991), Greene App. No. 90-CA-103, unreported, 1991 WL 233917; see generally, State v. Marut (1989), 63 Ohio App.3d 487, 489-490, 579 N.E.2d 281, 283-284.
 We can envision situations where a trial court's order regarding physical or mental examinations would be so intrusive as to warrant immediate appellate review. However, we can find nothing in the record before this court evidencing such abuse in this case. Aside from blanket assertions that the current appeal is a final appealable order, appellant has failed to convince this court that her rights are being unduly infringed upon, and, most significantly, why an appeal from the trial court's final custody determination in this matter will not adequately afford her a meaningful or effective remedy."
The issues appellant seeks to appeal all concern matters of discovery. Generally, a discovery ruling is an interlocutory order and is, thus, not appealable. See, generally, Neftzer v. Neftzer (2000), 140 Ohio App.3d 618,748 N.E.2d 608; Whiteman v. Whiteman (June 26, 1995), Butler App. No. 12-229, unreported. In the case sub judice, appellant has not established that the discovery orders will foreclose her from appropriate relief in the future if not immediately appealed. Montecalvo, supra. We believe that appellant has failed to establish that her substantial rights have been affected by the November 7, 2000 "Magistrate's Order," the trial court's November 22, 2000 "Order," or the January 9, 2001 Nunc Pro Tunc
Order.
Appellant relies on Shoff, supra, as authority for the proposition that in the context of custody proceedings, a trial court's Civ.R. 35 order for a psychological evaluation is final and appealable.[4] The issue in the appeal sub judice, however, unlike the issue in Shoff, is whether appellee is entitled to discovery of the expert's report or, alternatively, to depose him. Furthermore, we, like the Montecalvo
court, disagree with the Shoff court's stance on this issue. See, footnote 4.
Accordingly, because this court lacks jurisdiction to determine the merits of the instant appeal, we hereby dismiss the appeal.
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed that appellee recover of appellant costs herein taxed.
It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 ____________________________ Peter B. Abele, Presiding Judge.
Harsha, J. Evans, J. Concur.
[1] The November 22nd order is not a final order pursuant to Civ.R. 54(A). A court cannot create a final order by adopting a magistrate's decision without setting forth its own judgment. In re Michael (1991),71 Ohio App.3d 727, 595 N.E.2d 397.
[2] Appellate Rule 4(C) states that a "notice of appeal filed after the announcement of decision, order, or sentence but before the entry of the judgment or order that begins the running of the appeal time period is treated as filed immediately after the entry." A nunc pro tunc order is used to reflect action actually taken by the court but not recorded.Goelling v. Goelling (Dec. 22, 1992), Gallia App. No. 92CA21, unreported. We find that the January 9th "Nunc Pro Tunc Order" is the appropriate order from which the appeal should be taken. Thus, pursuant to App.R. 4(C), the notice of appeal was filed prematurely and this appeal is treated as if the notice of appeal had been filed immediately after the January 9th order.
[3] Civ.R. 26(B)(4)(b) states:
As an alternative or in addition to obtaining discovery under subdivision (B)(4)(a) of this rule, a party by means of interrogatories may require any other party (i) to identify each person whom the other party expects to call as an expert witness at trial, and (ii) to state the subject matter on which the expert is expected to testify. Thereafter, any party may discover from the expert or the other party facts known or opinions held by the expert which are relevant to the stated subject matter.
[4] In Montecalvo at 126 Ohio App.3d 380, 710 N.E.2d 380, the court noted the following with respect to Shoff:
 "In making our determination, we are aware of a string of decisions from the Tenth Appellate District which hold that a trial court judgment ordering a psychological evaluation, pursuant to Civ.R. 35(A), constitutes a final appealable order within the context of custody proceedings. In re Guardianship of Johnson (1987), 35 Ohio App.3d 41, 43, 519 N.E.2d 655, 658-659; Shoff v. Shoff (July 27, 1995), Franklin App. No. 95APF01-8, unreported, 1995 WL 450249; and Williamson v. Williamson (Nov. 25, 1997), Franklin App. No. 97APF05-629, unreported, 1997 WL 746425. The rationale for the Tenth District's determination of this issue, without further elaboration, is the extent of the harm caused by the order [for a psychological examination that] cannot be corrected on appeal. In re Guardianship of Johnson, 35 Ohio App.3d at 43, 519 N.E.2d at 658. Given the long-standing use of these evaluations in court proceedings throughout Ohio, we cannot agree with the blanket determination by the Tenth Appellate District. Quite simply, we fail to see what harm appellant will suffer upon submitting to a psychological examination that requires our immediate review."