OPINION
{¶ 1} Plaintiff-appellant Jack K. Beatley appeals the portion of the October 7, 2002 Judgment Entry of the Delaware County Court of Common Pleas, Juvenile Division, which denied his motion to order Jared Block to undergo a medical and psychological evaluation. Defendants-appellees are Colleen S. Beatley, nka Block, and Jared Block, Colleen's husband.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant and Colleen were married March 7, 1992. Colleen was granted a divorce from appellant in Florida on March 27, 1998.
 {¶ 3} Thereafter, appellant filed a complaint for custody of the parties' two daughters and for child support in the Delaware County Court of Common Pleas, Juvenile Division. After a hearing, the trial court determined it was in the best interest of the children to live with Colleen in Florida and accordingly, ordered Colleen to be the residential parent. See, March 1, 1999 Judgment Entry. Appellant appealed that ruling. This Court affirmed the trial court's custody determination.Beatley v. Block (May 16, 2000), Delaware App. No. 99CAF03016, unreported.
 {¶ 4} Appellant's subsequent motion to modify the custody order was overruled by the trial court and upheld by this Court on appeal.Beatley v. Block (Apr. 25, 2000), Delaware App. No. 99CAF10052, unreported.
 {¶ 5} In December, 2001, appellant filed a Motion For Contempt against appellees[1], alleging they had not permitted him telephone contact with his daughters as required by the March 1, 1999 Judgment Entry. On February 12, 2002, appellee Colleen Block requested an order to allow her to obtain passports for the children subject to the trial court's previous restrictions on travel also set forth in the March 1, 1999 Entry. Both motions came on for hearing on March 4, 2002. The trial court found in a March 20, 2002 Judgment Entry, appellees were not in contempt and permitted them to obtain passports for the children, subject to certain restrictions. Appellant has also appealed that order, which appeal is presently pending in this Court. See, Delaware County App. No. 02CAF04020.
 {¶ 6} In the interim, three additional matters came before the trial court. The first involved appellant's August 26, 2002 Motion requesting the Fort Lauderdale Airport be designated as the place for exchange of the children for companionship. The motion also sought to compel appellees to make the children available for exercise of appellant's Labor Day visitation.[2]
 {¶ 7} The second matter was appellees' August 20, 2002 Motion for Contempt against appellant for failure to pay for medical expenses and failure to attend counseling. A hearing was scheduled on appellees' motion.
 {¶ 8} The third additional matter was appellant's motion for contempt against Colleen for relocating within Florida without properly notifying appellant and also for modification of visitation orders necessitated by appellant's relocation.
 {¶ 9} On October 7, 2002, the trial court issued a Judgment Entry determining these three additional matters[3] as well as denying appellant's motion to have Jared Block examined. It is from that portion of the October 7, 2002 Judgment Entry appellant prosecutes this appeal, assigning as error:
 {¶ 10} "I. The trial court erred as a matter of law and abused its discretion by denying plaintiff-appellant's motion for an order requiring defendant-appellee Jared Block to submit to a psychiatric and physical examination because plaintiff-appellant proved by affidavit that defendant-appellee Jared Block's mental and physical condition were in controversy and good cause existed to order the examination."
 I. {¶ 11} Appellant's motion to have Jared Block submit to a psychological and physical examination pursuant to Civ.R. 35(A) was premised upon allegations Jared had behaved erratically, inappropriately and violently in the presence of the children; made threats of violence against appellant and actually assaulted appellant. Appellant's motion was supported by his affidavit detailing incidents of Jared Block's conduct to support appellant's allegations.
 {¶ 12} Civ.R. 35(A) provides:
 {¶ 13} "When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit himself to a physical or mental examination or to produce for such examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or person by whom it is to be made."
 {¶ 14} The granting or denial of a Civ.R. 35 motion rests within the sound discretion of the trial court. In re: Guardianship of Johnson
(1987), 35 Ohio App.3d 41, 43. In order to find an abuse of discretion, we must determine that the trial court=s decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 15} Based upon the three matters then pending before the trial court; i.e., the designation of which airport to exchange companionship; contempt against appellant for failure to provide health insurance and pay medical bills; and contempt against Colleen for failure to notify appellant of relocation and modification of visitation necessitated thereby, the trial court overruled appellant's motion to order Jared Block examined as being "apparently absurd." Because we find appellant's motion was not relevant to the issues "in controversy" then pending before the trial court, we find no abuse of discretion on the part of the trial court in overruling appellant's motion.
 {¶ 16} Appellant's assignment of error is overruled.
 {¶ 17} The judgment of the Delaware County Court of Common Pleas, Juvenile Division, is affirmed.
By: Hoffman, J. Wise J. and Edwards, J. concur.
[1] Appellee Jared Block had been made a party to the action.
[2] The trial court set Labor Day visitation via Judgment Entry filed August 27, 2002. Accordingly, that portion of appellant's August 26, 2002 Motion was no longer pending at the date of the trial court's October 7, 2002 Judgment Entry, which is the subject of this appeal.
[3] The merits of those decisions are not the subject of appellant's appeal in this case.