DECISION AND JUDGMENT ENTRY
{¶ 1} Appellants Mindy M. Fenton and Daniel J. Fenton filed an appeal from a trial court order that determined that Mindy Fenton was required to have an independent psychological examination under Civ.R. 35(A). We find that the order being appealed is not final and appealable. See, Davis v. Davis, 4th Dist No. 00CA28, 2001-Ohio-2527;Harness v. Harness, 143 Ohio App.3d 669, 676; Montecalvo v. Montecalvo
(1999), 126 Ohio App.3d 377, 380-381; Delaney v. Delaney (Dec. 12, 1985), 8th Dist. No. 49915.
 {¶ 2} This Court has jurisdiction to hear appeals only from final orders. See, R.C. 2505.03. The Ohio Constitution specifies when a court of appeals can assert jurisdiction: "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments of final orders of the courts of record inferior to the court of appeals within the district * * *." Section 3(B)(2), ArticleIV, Ohio Constitution.
 {¶ 3} The Eleventh, Fourth, and Eighth District Courts of Appeals have determined that orders for independent psychological examinations under Civ.R. 35(A) are not final and appealable. Specifically, the Eleventh District Court of Appeals in Montecalvo v. Montecalvo (1999),126 Ohio App.3d 377, 380, held that an appellant would not be harmed in a way where immediate review was necessary. Likewise, the Fourth District Court of Appeals in Harness v. Harness, 143 Ohio App.3d 669, 676, held that the appellant would not suffer harm if the court's expert conducted a psychological evaluation, and any harm that might occur could be corrected by an appeal from the final order. See, R.C. 2505.02. We find these cases to be persuasive.
 {¶ 4} On the other hand, the Tenth District Court of Appeals has disagreed. Williamson v. Williamson (Nov. 25, 1997), 10th Dist. No. 97APF05-629; Shoff v. Shoff (July 27, 1995), 10th Dist. No. 95APF01-8;In re Guardianship of Johnson (1987), 35 Ohio App.3d 41, 43-44. These cases have held that an independent psychological examination affects
 {¶ 5} a substantial right in custody, guardianship, divorce, and other domestic relations proceedings; thus, the granting of a Civ.R. 35(A) motion for a psychological examination creates a final and appealable order. Id.
 {¶ 6} Accordingly, the court dismisses this appeal at appellant's costs. The court also certifies a conflict under section 3(B)(4), ArticleIV, Ohio Constitution and App.R. 25: "Is a ruling on a Civ.R. 35(A) motion for an independent psychological examination a final and appealable order?" The parties are advised to consult Sup.Ct.Prac.R. IV for guidance on how to proceed.
Appeal dismissed.
Peter M. Handwork, P.J., Richard W. Knepper, J., Judith Ann Lanzinger, J., concur.