[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from an order of the Lucas County Court of Common Pleas, compelling an independent medical examination for a plaintiff appealing the denial of a workers' compensation claim. Because we conclude that the party requesting the examination failed to show "good cause", we reverse.
 {¶ 2} Appellant is Kenneth O. Myers. In 1999, appellant worked for the city of Toledo[1] as a driver and collector of recyclables. Appellant was on the job on December 16, 1999, when he slipped next to a recycling truck, the front wheel of which ran over appellant's foot. Appellant's foot was injured, eventually causing the amputation of one of his toes.
 {¶ 3} As the result of his injuries, appellant was allowed a workers' compensation claim administered by appellee, James Conrad, Administrator, Ohio Bureau of Workers' Compensation ("BWC"). The exact nature of this award is not clear as the BWC file has not yet been incorporated into the record at this point of the litigation.
 {¶ 4} In January 2003, at the referral of appellee, appellant was examined by a neurologist, Carlos de Carvalho, M.D., for an assessment of whether appellant had achieved maximum medical improvement. Following his examination, Dr. de Carvalho issued a report in which he concluded that appellant had "not reached a treatment plateau" and showed signs of an unaddressed "posttraumatic causalgia."[2] The neurologist recommended that there be a claim allowance for this condition.
 {¶ 5} According to appellant's complaint, following the report, he moved to amend his BWC claim to include posttraumatic causalgia. Appellant reports that the amended claim motion was initially granted, then affirmed by a district hearing officer of the Ohio Industrial Commission. On June 17, 2003, however, a staff hearing officer vacated the district hearing officer's order and denied appellant's claim amendment. When appellant's administrative appeal was denied, appellant initiated the present appeal to the common pleas court, pursuant to R.C.4123.512.
 {¶ 6} In the common pleas court, during discovery, appellee requested that appellant submit to a second independent medical examination. When appellant twice declined to submit to such an examination, appellee moved for an order to compel. In support of its motion, appellee BWC argued that it needed the examination so that it might rebut the testimony and opinions of appellant's medical experts. Appellant responded with a memorandum in opposition to appellee's motion, noting that one of appellee's medical experts had already conducted an examination. Appellant asserted that appellee was simply "doctor-shopping" by demanding a second exam.
 {¶ 7} When the common pleas court granted appellee's motion to compel, appellant instituted the present appeal, challenging the ruling. Appellant sets forth the following single assignment of error:
 {¶ 8} "The trial court erred in granting the defendant-administrator's motion to compel medical examination."
 I. APPEALABILITY {¶ 9} Preliminary to our examination of the merits of this matter is appellee's assertion that the court is without jurisdiction to hear this appeal because the order being appealed is not final.
 {¶ 10} Section 3, Article IV of the Ohio Constitution limits the jurisdiction of courts of appeal to the review of final judgments and orders.
 {¶ 11} R.C. 2505.02 governs the types of orders which may be appealed and states, in pertinent part:
 {¶ 12} "(A) As used in this section:
 {¶ 13} "(1) `Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.
 {¶ 14} "(2) `Special proceeding' means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.
 {¶ 15} "(3) `Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, a prima-facie showing pursuant to section 2307.85 or 2307.86 of the Revised Code, a prima-facie showing pursuant to section 2307.92 of the Revised Code, or a finding made pursuant to division (A)(3) of section 2307.93 of the Revised Code.
 {¶ 16} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 17} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 18} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 19} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 20} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 21} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 22} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 23} "(5) An order that determines that an action may or may not be maintained as a class action[.]"
 {¶ 24} Workers' compensation claims are statutorily created and did not exist prior to 1853 and are therefore special proceedings pursuant to R.C. 2050.02(A)(2). See R.C. Chapter 4123 and Anderson v. Sonoco Prods.Co. (1996), 112 Ohio App.3d 305, 308. There is a split of authority in the appellate courts of this state as to whether an order compelling a party to submit to an independent medical exam pursuant to Civ.R. 35 is final when that order is made in a "special proceeding."[3]
 {¶ 25} Under the "special proceeding" test, as long as an order is made in a special proceeding, it is appealable if it "affects a substantial right." Ohio courts have held that a substantial right is affected only if appropriate relief cannot be had following an appeal at the conclusion of the entire case. See Davis v. Davis, 4th Dist. No. 00CA28, 2001-Ohio-2527; Harness v. Harness, 143 Ohio App.3d 669,2001-Ohio-2433; and Montecalvo v. Montecalvo (1999), 126 Ohio App.3d 377.
 {¶ 26} We have found three appellate districts, the Fourth, Tenth, and Eleventh, that have addressed this issue. In In re Guardianship ofJohnson (1987), 35 Ohio App.3d 41, the Tenth District addressed the issue in a special proceeding probate guardianship case[4] where the divorced parents of their adult Down's syndrome daughter were each applying to be named guardian. The trial court granted the father's motion for his daughter to undergo a psychiatric evaluation and allowed that exam to be paid for from the daughter's social security income. The daughter appealed and the 10th District Court of Appeals held that the order is final and appealable as an order affecting a substantial right made in a special proceeding because "* * * appeal after final judgment is not practicable because the harm caused by the order cannot be corrected on appeal" following final judgment. Id. at 43. The court does not identify what "harm" could not be corrected following final judgment, but we assume it is that if the trial court was wrong in ordering the exam and that exam takes place, reversing the court's order after the fact is ineffectual since the appellant would have already been subjected to the exam. In other words, the court apparently viewed the situation as one in which the bell cannot be unrung.
 {¶ 27} More recently, in 1995, the Tenth District followed its decision in Johnson in Shoff v. Shoff (July 27, 1995), 10th Dist. No. 95APF01-8, a special proceeding divorce case.[5] See, also, Williamsonv. Williamson (Nov. 25, 1997), 10th Dist. No. 97APF05-629.
 {¶ 28} The Eleventh District addressed this issue in 1999, in a divorce case and held that a Civ.R. 35(A) order to submit to a medical exam is not a final appealable order. See Montecalvo v. Montecalvo
(1999), 126 Ohio App.3d 377, 379, where the court holds that an order affects a substantial right "if appropriate relief in the future would be foreclosed if an appeal were not allowed immediately." The court stated that this test was not met:
 {¶ 29} "We can envision situations where a trial court's order regarding physical or mental examinations would be so intrusive as to warrant immediate appellate review. However, we can find nothing in the record before this court evidencing such abuse in this case. Aside from blanket assertions that the current appeal is a `final appealable order,' appellant has failed to convince this court that her rights are being unduly infringed upon, and, most significantly, why an appeal from the trial court's final custody determination in this matter will not adequately afford her a meaningful or effective remedy." Id. at 380.
 {¶ 30} In essence, the Montecalvo court addresses the merits of the appeal, finds that the trial court's order is not intrusive, that appellant's rights have not been unduly infringed upon, and concludes that no appeal is necessary to protect appellant at this time. We disagree with this approach to the issue of final appealability, that is, looking at the merits of an appeal to decide whether the order is appealable. We believe that an order is either appealable or not depending on the typeof order, not on whether the order was or was "intrusive" or "abusive."
 {¶ 31} The Eleventh District states that an order made in a special proceeding is final "if appropriate relief in the future would be foreclosed if an appeal were not allowed immediately." Montecalvo at 379. To address this question, we believe that an appellate court must assume that the trial court's order is for some reason incorrect, then decide if the appellant can have an effective remedy to that incorrect order if he must wait to appeal at the end of the case. In essence, this is the "bell cannot be unrung" test. We believe that if a person must undergo a physical or mental exam against his will, once the exam has taken place, it cannot be undone; that is, the bell cannot be unrung. We therefore disagree with the Eleventh District's statement in Montecalvo
that, "Quite simply, we fail to see what harm appellant will suffer upon submitting to a psychological examination that requires immediate review." Id. at 380. Undergoing an exam against your will is the harm to be avoided by a present appeal.
 {¶ 32} Finally we look to a case decided by the Fourth District Court of Appeals, Harness v. Harness (2001), 143 Ohio App.3d 669. That case cites both Shoff v. Shoff and Montecalvo v. Montecalvo and states:
 {¶ 33} "Appellant relies on Shoff v. Shoff, 1995 Ohio App. LEXIS 3145, (July 27, 1995), Franklin App. No. 95APF01-8, unreported, 1995 WL 450249, as authority for the proposition that in the context of custody proceedings, a trial court's Civ.R. 35 order for a psychological evaluation is final and appealable. We are not convinced that, under thefacts of the case sub judice, appellant will suffer harm if the court'sexpert conducts these psychological evaluations. Further, whatever harm might ensue can be corrected by an appeal from the final order after the trial court resolves all of the issues. Montecalvo v. Montecalvo (1999),126 Ohio App. 3d 377, 710 N.E.2d 379. Accordingly, appellant has failed to establish that her and her son's substantial rights have been affected by the trial court's August 4 and September 7 orders * * *." (Emphasis added.) Harness at 676. The court then concludes that the order is not final and appealable pursuant to R.C. 2505.02 (B)(2).[6]
 {¶ 34} Again, the court is in essence deciding that under the facts of this case no harm will be suffered by appellant's undergoing a psychological exam. This goes to the merits of the appeal, not to the type of order being appealed. Once the court looks to the facts of a particular case and what harm the order causes to decide whether the order being appealed is final, it has gone off track.
 {¶ 35} The instant case is a special proceeding, a workers' compensation case, and the substantial right of not submitting to a medical exam against one's will is presently affected because being forced to submit to the exam now cannot be later undone by an appeal at the end of the case
 {¶ 36} Although Ohio practice has long provided for medical examinations of parties whose medical condition is "in controversy," Civ.R. 35(A), staff notes, litigants nonetheless retain their right to privacy, Griswold v. Connecticut (1965), 381 U.S. 479, 483, and to be secure in their persons. Fourth Amendment to the United States Constitution, Section 14, Article I, Ohio Constitution. See, also, UnionPacific R. Co. v. Botsford (1891), 141 U.S. 250, 252 (discussing the "inviolability of the person"). Indeed, Civ.R. 35(A) grants an intrusion of this right "* * * only for good cause shown * * *." See, also, In reGuardianship of Johnson, supra at 43. Accordingly, we conclude that the order appealed from affects a substantial right in a special proceeding and is, therefore, a final appealable order pursuant to R.C. 2505.02(B)(2).
 II. CIV.R. 35 {¶ 37} At issue in this matter is the order of the common pleas court that appellant submit to a second medical examination before a physician selected by appellee.
 {¶ 38} An order for a mental or physical examination is governed by Civ.R. 35(A). In material part, the rule provides:
 {¶ 39} "When the mental or physical condition (including the blood group) of a party * * * is in controversy, the court in which the action is pending may order the party to submit himself to a physical or mental examination * * *. The order may be made only on motion for good cause shown * * * and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made."
 {¶ 40} The rule has common roots and is nearly identical to the federal rule, Fed.R.Civ.P. 35(a), and, according to the rule's original staff notes, essentially restates Ohio practice prior to the adoption of the civil rules.
 {¶ 41} As with all of the discovery rules, whether to grant or deny a physical or medical examination rests in the sound discretion of the court. Huelsman v. Huelsman (Nov. 17, 1988), 8th Dist. No. 54684; Mauzyv. Kelley Services (1996), 75 Ohio St.3d 578, 592. Antecedent to the exercise of that discretion, however, Civ.R. 35 requires more.Schlagenhauf v. Holder (1964), 379 U.S. 104, 118; Henry v. Miller (Oct. 23, 1984), 10th Dist. No. 83AP-894, 83AP-1174. By adding the words "good cause" not found in other discovery rules, Civ.R. 35 demands a "* * * greater showing of need * * *." Schlagenhauf, supra. The rule requires the trial judge to, "* * * decide, as an initial matter in every case, whether the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirements of `in controversy' and `good cause' * * *." Id. at 118-119; see, also, Huelsman, supra; Morse v. Morse (Oct. 24, 1980), 6th Dist. No. F-79-21; Henry v. Miller, supra.
 {¶ 42} Some matters are necessarily "in controversy." A negligence action in which the plaintiff claims physical or mental injury places that asserted injury clearly in controversy and provides a defendant with "good cause" for an examination to determine whether such injury exists and its extent, if any. Schlahauf at 119. In our view, a workers' compensation claim falls into the same category: a workers' compensation claimant's injury is inherently "in controversy." Moreover, such a claim ordinarily provides the Bureau of Workers' Compensation "good cause" to determine the existence and extent of the asserted injury.
 {¶ 43} In this matter, appellant concedes that his claim places his condition in controversy and provides "good cause" for his examination: once. Appellee had that one opportunity in 2003, when it directed Dr. de Carvalho to examine appellant and issue a report. That appellee was not satisfied with the results of Dr. de Carvalho's examination, appellant maintains, does not give rise to "good cause" for further examination. Appellant alleges that appellee is "doctor shopping," seeking reexamination after reexamination until it obtains a medical opinion to support its position.
 {¶ 44} Appellant insists that nowhere in its motion to compel an examination or in its memorandum in support does appellee give any reason why it should be entitled to a second examination. Absent an allegation of any cause, appellant argues, appellee did not meet its threshold burden to show "good cause" and the common pleas court, therefore, erred in issuing the order to compel.
 {¶ 45} Appellee offered no reason to justify a second examination. In its memorandum in support, appellee suggested that, since a statutory appeal from a denial of a workers' compensation claim is a de novo proceeding, it is entitled to start the discovery process anew, beginning with a new examination.
 {¶ 46} Appellee cites authority for the proposition that a statutory workers' compensation appeal to the common pleas court is a de novo proceeding. Appellee cites authority for the proposition that, in a statutory appeal, the parties may introduce evidence outside the administrative record. Appellee fails to provide authority supporting its proposition that a de novo proceeding automatically entitles it to a second medical examination of a claimant.
 {¶ 47} An appeal from the Industrial Commission, pursuant to R.C.4123.512, is a de novo determination of both facts and law. This means that the claimant and, reciprocally, those opposing the claim are not limited to the evidence presented in the administrative proceeding. Reedv. MTD Products (1996), 111 Ohio App.3d 451, 458. Either side is entitled to gather evidence for presentation at this new proceeding within the constraints of the rules. De novo, however, does not mean tabula rasa. The discovery rules are intended to provide an orderly manner of gathering information. Once discovery begins, it is ongoing. We find nothing to support the proposition that a change of forum somehow erases all that has gone before.
 {¶ 48} With respect to Civ.R. 35(A), multiple mental and physical examinations are disfavored and are only to be ordered on the, "* * * discriminating application * * * of the limitations prescribed by the Rule." Schlagenhauf at 121.
 {¶ 49} As we noted earlier, the inviolability of the body is a substantial right, the invasion of which should not be taken lightly. While a workers' compensation claim may place a worker's physical or mental condition "in controversy" and provide "good cause" within the meaning of Civ.R. 35(A), once a party exercises its right to such an examination, compulsion of a second examination may only be had with a second demonstration of "good cause." Consequently, we hold that, absent a showing of "good cause" independent of the claim itself, it is error to compel a second examination of a workers' compensation claimant. Accordingly, appellant's sole assignment of error is well-taken.
 {¶ 50} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is reversed. This matter is remanded to said court for further proceedings consistent with this decision. Costs to appellee pursuant to App.R. 24.
 III. CERTIFICATION OF CONFLICT {¶ 51} Article IV, Section 3(B)(4) of the Ohio Constitution states:
 {¶ 52} "Whenever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for review and final determination."
 {¶ 53} Accordingly, we certify this case to the Supreme Court of Ohio for a determination of the following issue:
 {¶ 54} Is a ruling which grants a Civ.R. 35(A) motion for a physical or mental examination, made in a special proceeding such as a divorce case or a worker's compensation case, a final appealable order under either R.C. 2505.02 (B)(2) or R.C. 2505.02(B)(4)?
 {¶ 55} The parties are directed to S. Ct. Prac. R. IV for guidance on how to proceed.
Judgment reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Skow, J., concur.
[1] This city is nominally an appellee in this matter, but has failed to file a brief. For purposes of this decision, we shall refer to the Bureau of Workers' Compensation as the appellee.
[2] A "constant usu. burning pain resulting from injury to a peripheral nerve[.]" Merriam Webster's Collegiate Dictionary (10th ed., 1996), 182.
[3] The Ohio Supreme Court has determined that a ruling on a Civ.R. 35(A) motion for an independent medical examination in a case that is nota special proceeding is not final and appealable pursuant to R.C.2505.02(B)(2). See Nickel v. Carter, 104 Ohio St.3d 542, 2004-Ohio-6776. That court specifically did not address whether a ruling on a Civ.R. 35(A) motion for an independent medical examination in a case that is not a special proceeding is appealable under R.C. 2505.02(B)(4), the "provisional remedy" portion of the statute.
[4] Probate proceedings are special proceedings. In re EmergencyGuardianship of Stevenson, 9th Dist. No 04CA0036-M, 2005-Ohio-997, at ¶ 8.
[5] State ex rel. Papp v. James (1994), 69 Ohio St.3d 373, 1994-Ohio-86
(divorce and ancillary issues related to divorce are special statutory proceedings).
[6] In Harness, the Fourth District also states that the order is not appealable under R.C. 2505.02(B)(4), the provisional remedy section, because "appellant would be afforded a meaningful and effective remedy by an appeal of the final order in this matter * * *." Harness at 676. We disagree for the same reason stated in connection with our analysis of R.C. 2505.02(B)(2).