{¶ 31} I respectfully dissent from the opinion of the majority. I accept the facts as stated by the majority. However, at the outset, I note it is well established that a parent's right to raise a child is an essential and basic civil right. In re Phillips 11th Dist. No. 2005-A-0020, 2005-Ohio-3774, at ¶ 22; In re Hayes (1997),79 Ohio St.3d 46, 48. The permanent termination of parental rights has been described as the family law equivalent of the death penalty in a criminal case. Phillips at ¶ 22; In re Hoffman, 97 Ohio St.3d 92,2002-Ohio-5368, at ¶ 14; In re Smith (1991), 77 Ohio App.3d 1, 16. Based upon these principles, the Supreme Court of Ohio has determined that a parent "must be afforded every procedural and substantive protection the law allows." Hayes at 49.
 {¶ 32} Further, R.C. 2151.414 sets forth the guidelines that a juvenile court must follow when deciding a motion for permanent custody. R.C. 2151.414(A)(1) mandates that the juvenile court must schedule a hearing, and provide notice, upon filing of a motion for permanent custody of a child by a public children services agency or private child placing agency that has temporary custody of the child or has placed the child in long-term foster care. Phillips at ¶ 23.
 {¶ 33} Following the hearing, R.C. 2151.414(B) authorizes the juvenile court to grant permanent custody of the child to the public or private agency if the court determines, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody to the agency, and that any of the following apply: (a) the child is not abandoned or orphaned, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents; (b) the child is abandoned and the parents cannot be located; (c) the child is orphaned and there are no relatives of the child who are able to take permanent custody; or (d) the child has been in the temporary custody of one or more public children services agencies or private child placement agencies for twelve or more months of a consecutive twenty-two month period ending on or about March 18, 1999.
 {¶ 34} Therefore, R.C. 2151.414(B) establishes a two-pronged analysis that the juvenile court must apply when ruling on a motion for permanent custody. In practice, the juvenile court will usually determine whether one of the four circumstances delineated in R.C. 2151.414(B)(1)(a) through (d) is present before proceeding to a determination regarding the best interest of the child.
 {¶ 35} If the child is not abandoned or orphaned, then the focus turns to whether the child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents. Under R.C. 2151.414(E), the juvenile court must consider all relevant evidence before making this determination. The juvenile court is required to enter such a finding if it determines, by clear and convincing evidence, that one or more of the conditions enumerated in R.C. 2151.414(E)(1) through (16) exist with respect to each of the child's parents.
 {¶ 36} Assuming the juvenile court ascertains that one of the four circumstances listed in R.C. 2151.414(B)(1)(a) through (d) is present, then the court proceeds to an analysis of the child's best interest. In determining the best interest of the child at a permanent custody hearing, R.C. 2151.414(D) mandates that the juvenile court must consider all relevant factors, including, but not limited to, the following: (1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; (2) the wishes of the child as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) the custodial history of the child; and (4) the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody.
 {¶ 37} In regard to the right to intervene and whether it is a final appealable order, the Supreme Court of Ohio has stated an order affects a substantial right if it would foreclose appropriate relief in the future. Montecalvo v. Montecalvo (1999), 126 Ohio App.3d 377, 379, citing Bell v. Mt. Sinai Medical Center (1993), 67 Ohio St.3d 60, 63.
 {¶ 38} With this in mind, I shall address the merits of appellants' claim that they were prejudiced by the court's denial of their motion to intervene. When reviewing an order which denies a motion to intervene, the issue is whether the trial court abused its discretion. Peterman v.Pataskala (1997), 122 Ohio App.3d 758, 761. Abuse of discretion implies that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. To constitute an abuse of discretion, "the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will, but the perversity of will, not the exercise of judgment, but the defiance of judgment, not the exercise of reason but, instead, passion or bias." Nakoff v. Fairview Gen. Hosp. 75 Ohio St.3d 254,256, 1996O-hio-159.
 {¶ 39} Former Juv.R. 2(X), now Juv.R. 2(Y), states that one is a "party" to juvenile proceedings if he or she is a "child who is the subject of the juvenile court proceeding, the child's spouse, if any, the child's parent or parents, or if the parent of a child is a child, the parent of that parent, in appropriate cases, the child's custodian, guardian, or guardian ad litem, the state, and any other person specifically designated by the court."
 {¶ 40} Under this definition, appellants are not "parties" to the underlying juvenile proceedings. However, a juvenile court may use Civ.R. 24 as a guide to the exercise of its discretion for joining parties under Juv.R. 2(X). In re Byerly (Sept. 30, 1998), 11th Dist. Nos. 97-P-0096 and 97-P-0097, 1998 Ohio App. LEXIS 4630, at 11. Civ.R. 24(A)(2) requires a party to demonstrate an interest in the proceedings before he or she is permitted to intervene as of right. In the current matter, appellants maintain they have an interest in the custody of Alexous that would be impaired and not adequately represented by existing parties. Appellants not only state an interest in the proceedings into which they seek intervention, they explicitly seek custody and have been found by a home inspection to be suitable for custody.
 {¶ 41} At common law, grandparents had no legal rights of access to their grandchildren. In re Whitaker (1988), 36 Ohio St.3d 213, 214. Moreover, grandparents have no current constitutional right of association with their grandchildren. In re Schmidt (1986),25 Ohio St.3d 331, 336. However, intervention by grandparents in a permanent custody proceeding is appropriate where the grandparents have alegal right to or a legally protectable interest in custody orvisitation with their grandchild, where the grandparents have stood in loco parentis to their grandchild, or where the grandparents have exercised significant parental control over, or assumed parental duties for the benefit of, their grandchild. Where any of these circumstances are present, a denial of the grandparents' motion to intervene would constitute an abuse of discretion.
 {¶ 42} The majority asserts it was not an abuse of discretion to deny the grandmother's motion to intervene, I disagree.
 {¶ 43} The juvenile court may terminate the rights of a natural parent and grant permanent custody of the child to the moving party only if it determines, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody to the agency that filed the motion, and that one of the four circumstances delineated in R.C.2151.414(B)(1)(a) through (d) is present. Clear and convincing evidence is more than a mere preponderance of the evidence; it is evidence sufficient to produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. In re Holcomb
(1985), 18 Ohio St.3d 361, 368.
 {¶ 44} In the case at bar, the grandmother had not only put forth a request to parent her granddaughter, but has submitted to a children services agency in home investigation where she was found suitable in Sealed Evidence Exh. B. The grandparent prior to, and consistent with, filing her motion to intervene had put forth a prima facie case of suitability as well as a colorable right to custody or visitation.
 {¶ 45} The court in a permanent custody proceeding is required by statute to consider placement with qualified relatives. The court cannot possibly determine best interest if the court does not permit those relatives, upon application and a demonstration of suitability to participate in the process.
 {¶ 46} Permanent custody is designed to insure permanent placement and stability of a child, by definition; it is a disposition of last resort. There is an overriding predisposition within the Ohio Revised Code, that the mandates the department of children services and the court to seek placement and custody with the child's biological family. R.C. 2151.412(G). I would respectfully submit that it would be an abuse of discretion to deny a motion to intervene in a permanent custody proceeding once a prima facie showing of suitability by a relative has been demonstrated and that relative requested placement in lieu of the "family law equivalent of the death penalty," i.e., permanent custody.
 {¶ 47} Furthermore, our holding in Goff holds that the denial of a motion to intervene in a custody proceeding under R.C. 2151.414 by a relative is a final appealable order and, as such, this matter could have been appealed prior to the court going forward on the permanent custody motion.
 {¶ 48} For the foregoing reasons I respectfully dissent.