BROSSIA, Appellant,

v.

BROSSIA, Appellee.

[Cite as *Brossia v. Brossia* (1989), 65 Ohio App.3d 211.]

Court of Appeals of Ohio,
Wood County.

No. WD–88–85.

Decided Nov. 3, 1989.

*Douglas A. Wilkins,* for appellant.
*Mary E. Smith,* for appellee.

---

ABOOD, Judge.

This is an appeal from an order of the Wood County Court of Common Pleas directing both parties and their children to submit to psychiatric evaluations prior to the court's final determination as to pending motions for modification and enforcement of visitation and companionship.

Appellant, Donnetta L. Brossia, has appealed setting forth one assignment of error:

"The lower court erred in *sua sponte* ordering the parties to undergo psychological evaluations based solely upon mutually filed motions to modify and/or enforce visitation and companionship, in the absence of a hearing or good cause for such evaluations."

The facts giving rise to this appeal are as follows. The parties were married on December 20, 1969, in Perrysburg, Ohio, and twins were born to the marriage on March 9, 1973. On July 17, 1987, a judgment of dissolution was filed which incorporated the separation agreement of the parties in which it was agreed that appellant would have custody of the minor children. The separation agreement provided further that appellee would have visitation and companionship rights as agreed to by the parties, but no less than the minimum visitation as set forth in the Wood County Court of Common Pleas' schedule.

On October 15, 1987, appellant filed a motion to limit appellee's visitation and contact with the children asserting that appellee was contacting them at all hours of the day and night, both by telephone and in person, and that the parties were, therefore, unable to agree on visitation. A hearing was set for December 1, 1987, but not held.

On July 8, 1988, appellee filed a motion to show cause and for enforcement of visitation, for counseling for the minor children and appellant, for correcting the bureau of support records, and for attorney fees and costs. In support of his motion, appellee asserted that appellant willfully interfered with his visitation and companionship rights and requested the trial court to enforce visitation pursuant to its schedule. Appellee also requested that the trial court order psychological counseling for the minor children and appellant due to her continued harassment and interference with his visitation rights.

A hearing on both motions was set for September 14, 1988 and reset for September 22, 1988. Prior to the hearing, on September 9, 1988, appellee filed a motion to show cause and for contempt, asserting that appellant refused to make the mortgage payments on the house, was threatening to cause foreclosure and refused to pay the water and electric bills, all of which were damaging appellee's credit. On November 8, 1988, prior to hearing on any of the motions, the trial court ordered that as to the visitation and companionship issues that were before it, both parties and the children were to submit to psychiatric evaluations by Dr. Sue Smitely. The parties were directed to contact Dr. Smitely to arrange the appointments. The trial court also ordered that the fee be submitted to any available insurance and that the parties split any uncovered bills.

It is from this order that appellant has appealed.

In support of her sole assignment of error, appellant submits that the trial court erred in *sua sponte* ordering psychiatric evaluations based solely on mutual motions to modify visitation absent a hearing and good cause. Appellant argues that the trial court's order violates Ohio law since there is no statutory or legal basis for such an order in the context of post-divorce motions concerning visitation. Appellee submits that the trial court's order was authorized by R.C. 3109.04. Appellee submits further that on September 22, 1988, the parties met in chambers and agreed to psychiatric evaluations, which agreement was subsequently embodied in the trial court's order. Counsel for appellee submits her own affidavit in support of this argument.

■ Considering first appellee's assertion that the trial court's order actually embodies a previous agreement between the parties, this court has found nothing in the record evidencing such an agreement and will not consider any evidence of such agreement that was not preserved in the record.

■ As for the central issue raised by this appeal, R.C. 3105.65 provides that after a decree of dissolution, the trial court has full power to enforce that decree and retains jurisdiction to modify all matters of custody, child support and visitation. R.C. 3109.05(B) governs visitation rights and provides:

"The court may make any just and reasonable order or decree permitting any parent who is deprived of the care, custody, and control of the children to visit them at the time and under the conditions that the court directs. In the discretion of the court, reasonable companionship or visitation rights may be granted to any other person having an interest in the welfare of the child. The juvenile court shall have exclusive jurisdiction to enter the orders in any case certified to it from another court."

In *In re Whitaker* (1988), 36 Ohio St.3d 213, 522 N.E.2d 563, the Supreme Court of Ohio held that the factors set forth in R.C. 3109.04(C) regarding the determination of a child's best interests in custody cases apply equally to visitation cases, and the trial court must weigh each of these factors along with all other relevant factors in determining what is in the child's best interests when considering visitation. One of the factors to be considered therein is the mental and physical health of all persons involved. R.C. 3109.04(C)(5). Clearly, the mental health of the parties hereto and their minor children is a relevant factor to be considered in determining the parties' motions as to modification of visitation.

■ As to whether the trial court was authorized to order psychiatric evaluation of the parties and their children prior to determining these motions, Civ.R. 35(A) provides:

"Order for examination. When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit himself to a physical or mental examination or to produce for such examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made."

While certain requirements must be met before a court may order psychiatric evaluations under Civ.R. 35(A), once these requirements are met whether or not to do so is within the discretion of the court. *In re Guardianship of Johnson* (1987), 35 Ohio App.3d 41, 519 N.E.2d 655. The first requirement of Civ.R. 35(A) is that the physical or mental condition of a party or one in a party's custody be "in controversy." This requirement is met herein by virtue of the fact that the mental health of the parties and the children is a relevant factor in determining what is the best interests of the children in visitation matters.

Civ.R. 35(A) also provides, however, that the order for such examination can be made only on motion and for good cause shown. While appellee, in his motion to enforce visitation, requests that appellant and their two children undergo psychiatric evaluation, no motion was made that appellee himself undergo such an examination. Concerning the requirement of good cause, this necessarily contemplates that there be evidence in the record to establish good cause for each particular examination beyond the allegations and arguments contained in the pleadings. *Johnson, supra*, 35 Ohio App.3d at 44, 519 N.E.2d at 659. Upon consideration of the sparse record that is before us, there is nothing demonstrating that this requirement has been met. We have before us only the motions and brief memoranda in support thereof. No evidence was offered to establish good cause, and no hearing has yet been held in which such evidence could have been offered.

Finally, Civ.R. 35(A) also requires that the trial court in issuing such order, specify time, place, manner, conditions and scope of the ordered examinations. The trial court's order, however, states merely the identity of the doctor who is to conduct the evaluations and provisions for the cost thereof but no more.

It is clear from the foregoing that all of the requirements of Civ.R. 35(A) have not been met and that based on the record before this court, the trial court erred in ordering that the parties and their children submit to psychiatric evaluation. In so holding, we are not saying that good cause may not exist but, rather, the limited record herein does not show that the requirements of

Civ.R. 35(A) have been met to support the trial court's order. Accordingly, appellant's sole assignment of error is found well taken.

On consideration whereof, we find that substantial justice has not been done the party complaining, and the judgment of the Wood County Court of Common Pleas is reversed. This cause is remanded to said court for further proceedings not inconsistent with this opinion. It is ordered that appellee pay court costs of this appeal.

*Judgment reversed*
*and cause remanded.*

HANDWORK, P.J., and CONNORS, J., concur.