[Cite as *Albrecht v. Albrecht*, 2017-Ohio-336.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| RUTHANN D. ALBRECHT, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS. 2015-T-0092 and 2015-T-0098** |
| STEPHEN L. ALBRECHT, | : | |
| Defendant-Appellant. | : | |

Appeals from the Trumbull County Court of Common Pleas, Domestic Relations Division, Case No. 2012 DR 297.

Judgment: Affirmed in part; reversed in part and remanded.


*Deborah L. Smith*, Smith Law Firm, 109 North Diamond Street, Mercer, PA 16137 (For Plaintiff-Appellee).

*Michael J. McGee*, Harrington, Hoppe & Mitchell, Ltd., 108 Main Avenue, S.W., Suite 500, Warren, OH 44481 (For Defendant-Appellant).



THOMAS R. WRIGHT, J.


{¶1} Appellant, Stephen Albrecht, appeals the trial court's denial of his motion for modification of spousal support and motion for vocational evaluation of appellee, Ruthann Harnett, FKA Ruthann Albrecht. For the following reasons, we affirm in part and reverse in part and remand for further proceedings.

{¶2} The parties were married in 1988 and had two emancipated children when Ruthann filed for divorce in 2012. The parties ultimately entered an agreed judgment entry as to all issues except spousal support, which was determined by the trial court. Stephen previously appealed and challenged the amount of the spousal support award in Ruthann's favor. *Albrecht v. Albrecht*, 11th Dist. Trumbull No. 2013-T-0124, 2014-Ohio-5464.

{¶3} On December 30, 2014, Stephen moved the trial court for modification of spousal support and separately for a vocational expert evaluation of Ruthann to assess and determine her ability to work to support his modification request. Following a hearing, the trial court denied Stephen's motion for a vocational evaluation. Stephen appealed.

{¶4} Separately, on August 12, 2015, the trial court denied Stephen's motion for modification of spousal support holding, "Court determines Defendant's current income is not different from the income he earned prior to Divorce. Court will not modify the present Spousal Support Order." Stephen appealed again.

{¶5} We consolidated Stephen's appeals, and pursuant to his motion, we remanded the case to the trial court for the limited purpose of determining if all of his objections to the underlying magistrate decisions had been addressed. On remand the trial court sustained Stephen's objection to the August 12, 2015 magistrate's decision and remanded the matter to the magistrate for an evidentiary hearing as to "Defendant's furlough status and year to date income with decision to issue with specific findings of facts." The magistrate maintained his decision, finding that a modification of spousal support was not warranted. He additionally found that Stephen missed two weeks of

2

work as a result of furlough and that he earned approximately $133,000 in 2015. The trial court subsequently adopted the magistrate's decision.

**{¶6}** We then granted Stephen leave to file an amended notice of appeal to include the trial court's decision on remand.

**{¶7}** Stephen presents two assigned errors on appeal:

**{¶8}** "The trial court erred in denying defendant's motion for vocational evaluation of plaintiff.

**{¶9}** "The trial court erred in denying defendant's motion for modification of spousal support and in determining that $2750 continues to be an appropriate monthly spousal support payment."

**{¶10}** He first argues that the trial court impermissibly employed the doctrine of offensive collateral estoppel to preclude the assessment of wife's ability to work and earn an income based on the Social Security Administration determination that Ruthann is disabled. Stephen challenges the trial court's decision denying his motion for a vocational evaluation of Ruthann based solely on her disability determination in a wholly separate and non-controlling forum in which he was not a party and during which his interest was not protected.

**{¶11}** Stephen moved for the vocational evaluation to secure evidence to support his motion to modify his spousal support obligation. R.C. 3105.18(E) provides for the modification of existing spousal support awards and allows a trial court to modify the amount or term of spousal support if the circumstances of either party has changed and the court's prior decree reserves jurisdiction for the court to modify spousal support.

3

{¶12} R.C. 3105.18(F) explains when a sufficient change in circumstances exists warranting a modified spousal support order, stating:

{¶13} "(1) * * * a change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses, *or other changed circumstances so long as both of the following apply*:

{¶14} "(a) The change in circumstances is substantial and makes the existing award no longer reasonable and appropriate.

{¶15} "(b) The change in circumstances was not taken into account by the parties or the court as a basis for the existing award when it was established or last modified, whether or not the change in circumstances was forseeable." (Emphasis added.)

{¶16} In the parties' original appeal, Stephen argued that the trial court abused its discretion finding Ruthann unable to work. We disagreed, explaining:

{¶17} "Here, Husband argues that the trial court's determination that Wife has a disability and therefore is unable to work is against the manifest weight of the evidence because (1) Wife did not present expert testimony as to her disability and (2) her disability lacked a specific name, such as Alzheimer's Disease. By way of clarification, although Husband argues that the trial court found Wife 'unable to work,' that [is] not wholly accurate. The trial court found that Wife's short term memory and motor skill problems make it more difficult for her to work 'at times.' However it is clear that the trial court found Wife unable to earn a significant income in light of her limitations.

4

**{¶18}** "Ohio courts have held that a medical diagnosis is unnecessary to support a finding that a spouse is unable to work. *Milam v. Milam*, 2d Dist. Greene No. 94-CA-23, 1994 Ohio App. LEXIS 4712, *6 (Oct. 19, 1994). Unlike personal injury cases, where medical testimony is required to prove a causal relationship between a physical injury and the act that gave rise to such injury, in divorce cases, the medical cause of a spouse's disability 'is not an essential fact requiring proof[.]' *Id.* Rather, the crucial focus is whether the party asserting a disability presents evidence explaining how her disability limits his or herself. *See Gullia v. Gullia*, 93 Ohio App.3d 653, 662, 639 N.E.2d 822 (8th Dist.1994). * * *

**{¶19}** "[T]he decision awarding Wife social security disability benefits found that Wife suffered a traumatic brain stem injury in the car accident. Although the trial court does not specifically reference the social security decision, it does find that Wife suffers from brain damage. The trial court's conclusion the Wife is unable to earn a significant income is supported by the evidence." *Albrecht* at ¶21-24.

**{¶20}** Stephen now argues that Ruthann's condition has improved and her capacity to work has increased since the original divorce proceedings, and as such, he requests a vocational evaluation to establish her capacity to work and income potential.

**{¶21}** The magistrate's hearing, held July 1, 2015, began with the magistrate directing the following questions to Ruthann:

**{¶22}** "THE COURT:  * * * Ma'am, do you still receive social security disability benefits?

**{¶23}** "MS. HARNETT:  Yes.

**{¶24}** "* * *

5

{¶25} "THE COURT: And you are now determined to be disabled?

{¶26} "MS. HARNETT: Yes

{¶27} "THE COURT: And the government says you are unable to do any kind of work? Would that be correct?

{¶28} "MS. HARNETT: Yes."

{¶29} Stephen's counsel then reiterated that he needed the vocational evaluation to establish the change in circumstances, and the court responded: "You understand that right now she's being paid because she is unable to perform any kind of job?" Stephen's counsel argued that the social security's determination is subject to change. The court replied, stating:

{¶30} "THE COURT: * * * She is presently being paid for being able to do no full-time work.

{¶31} "ATTORNEY MCGEE: It's our hope that a vocational evaluation will make a final determination as to whether or not she's able to work and in what capacity.

{¶32} "THE COURT: You're not going to get one of those [vocational evaluations] unless you can convince me today that she can physically work 40 hours a week at a job.

{¶33} "ATTORNEY MCGEE: We're here to present evidence on that issue.

{¶34} "THE COURT: Well I understand. But just so everybody understands the parameters. Right now she's locked in to being unable to work, w-o-r-k. Not to sit at a phone, not to do any kind of job whatsoever. That's why Social Security pays you."

{¶35} Thereafter, Ruthann confirmed that her last social security disability hearing occurred two or three years before this July 2015 hearing.

6

**{¶36}** Following the hearing, the magistrate denied Stephen's motion for a vocational evaluation. The trial court rejected his objections and adopted the magistrate's decision, concluding: "Since plaintiff has been determined by SS to receive disability benefits and cannot work. [sic] Therefore, Court hereby dismisses Defendant's motion for a Vocational Evaluation. Until her situation with SS disability is changed she is not able to work for the public."

**{¶37}** As Stephen argues, the trial court concluded that Ruthann's existing Social Security Administration's award of disability benefits precludes Stephen's motion to secure a vocational expert.

**{¶38}** Civ.R. 35 provides the proper standard for courts considering a motion for a mental or physical examination of a party, including a vocational evaluation. *Graybow v. Graybow*, Minn.Ct.App. No. A12-0249, 2012 Minn. App. LEXIS 1154, *9; *Millius v. Tillman*, Sup.Ct. Del. No. 05C-09-107MJB, 2006 Del. Super. LEXIS 237, *9. Civ.R. 35(A) states:

**{¶39}** "Order for examination. When the mental or physical condition * * * of a party * * * is in controversy, the court in which the action is pending may order the party to submit himself to a physical or mental examination or to produce for such examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made."

**{¶40}** Three requirements must be met before a court can order a physical or mental evaluation pursuant to Civ.R. 35(A). First, the condition of a party must be in

7

controversy. *Brossia v. Brossia*, 65 Ohio App.3d 211, 215, 583 N.E.2d 978, (6th Dist.). Second, the movant must request the examination via motion. *Id.* Third, the movant must establish good cause for the examination, which requires "evidence in the record to establish good cause for [the] particular examination beyond the allegations and arguments contained in the pleadings." *Id.*

**{¶41}** The good cause requirement is "'not met by mere conclusory allegations of the pleadings—nor by mere relevance to the case—but require[s] an affirmative showing by the movant that [the] condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for each particular examination.'" *Knecht v. Knecht*, 12th Dist. Clinton No. CA2011-06-010, 2012-Ohio-3316, ¶12, quoting *Schlagenhauf v. Holder,* 379 U.S. 104, 118, 85 S.Ct. 234 (1964).

**{¶42}** "'Rule 35, therefore, requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting the * * * examinations has adequately demonstrated the existence of the Rule's requirements * * *." *Id.* at 118. Once these three requirements are met, the trial court has discretion to order the requested examination. *Brossia*, at 215, citing *In re Guardianship of Johnson*, 35 Ohio App.3d 41, 519 N.E.2d 655 (1987).

**{¶43}** Here, the first two prongs are satisfied, i.e., Ruthann's disability is in issue and Stephen moved the court for a vocational evaluation via motion. Thus, the trial court should have determined at the July 1, 2015 hearing whether Stephen presented evidence establishing "good cause" that a vocational evaluation of Ruthann was warranted.

{¶44} In an effort to establish "good cause," Stephen needed to attempt to show that a substantial change in circumstances occurred to satisfy R.C. 3105.18(F). Specifically, he was required to come forward with some evidence tending to show that Ruthann's limitations resulting from her disability had lessened or that her physical condition had improved since the parties' divorce hearing permitting her to work. Instead of wholly relying on the social security disability decision in Ruthann's favor, the trial court should have considered whether Stephen presented any evidence that her abilities have improved in deciding whether to grant the motion for a vocational evaluation. Thus, the trial court erred in overruling the request for vocational evaluation based solely on appellees' social security disability determination. As no other reason was given for the denial, remand is required for the trial court to review and exercise its discretion.

{¶45} However, Ruthann's social security disability determination was before the trial court when it rendered its original spousal support award, and thus, Stephen could have challenged the decision and secured evidence disputing the same prior to the parties' divorce. Thus, Stephen's collateral estoppel argument lacks merit. Notwithstanding, Stephen's assignment of error has merit to the extent that the trial court applied the wrong standard. Accordingly, the trial court's decision is reversed in part and remanded for it to determine whether good cause was shown, and if so, for it to exercise its discretion as to Stephen's Civ.R. 35 request.

{¶46} As for his second assignment, Stephen asserts the trial court abused its discretion in failing to find a substantial and material change in his circumstances warranting a reduction in his spousal support obligation. R.C. 3105.18(E) provides that

9

a court lacks jurisdiction to modify the amount or terms of a spousal support unless "the circumstances of either party have changed" and in a divorce, the final decree reserves jurisdiction to modify the amount or terms of spousal support. There is no dispute that the trial court has retained jurisdiction to modify the spousal support award. It provides in part: "This order shall be reviewed if there is a change in [wife's social security] benefits and shall be reviewed upon a change of financial circumstances of either party * * *."

{¶47} R.C. 3105.18(F) details when a change in circumstances is sufficient to warrant a modification of spousal support:

{¶48} "[A] change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses, or other changed circumstances so long as both of the following apply:

{¶49} "(a) The change in circumstances is substantial and makes the existing award no longer reasonable and appropriate.

{¶50} "(b) The change in circumstances was not taken into account by the parties or the court as a basis for the existing award when it was established or last modified, whether or not the change in circumstances was forseeable."

{¶51} The burden of proof is on the party seeking the reduction in support. *Pepin-McCaffrey v. McCaffrey*, 7th Dist. Mahoning No. 12 MA 4, 2013-Ohio-2952, ¶30.

{¶52} The trial court has broad discretion in deciding what is equitable upon examining the facts and circumstances in each case. *Kunkle v. Kunkle,* 51 Ohio St.3d 64, 67, 554 N.E.2d 83 (1990). An appellate court is precluded from substituting its

10

judgment for the trial court's ruling unless, upon considering the totality of the circumstances, the trial court abused its discretion. *Holcomb. v. Holcomb*, 44 Ohio St.3d 128, 131, 541 N.E.2d 597 (1989).

{¶53} "'[T]he term "abuse of discretion" is one of art, connoting judgment exercised by a court, which does not comport with reason or the record.' * * * [A]n abuse of discretion is the trial court's 'failure to exercise sound, reasonable, and legal decision-making.' * * * [However, w]hen an appellate court is reviewing a pure issue of law, 'the mere fact that the reviewing court would decide the issue differently is enough to find error (of course, not all errors are reversible. Some are harmless; others are not preserved for appellate review). By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.'" (Citations omitted.) *Ivancic v. Enos*, 2012-Ohio-3639, 978 N.E.2d 927, ¶70 (11th Dist.).

{¶54} Stephen argues in part that the trial court failed to make detailed findings of fact setting forth the basis for its decision that there was no material and substantial change in circumstances warranting a modified spousal support order, and as such, the bases for its decision is unclear. Although he moved for findings of fact and conclusions of law from the magistrate's decision, the trial court denied his request as untimely. Pursuant to Civ.R. 53(D)(3)(a)(ii), a "request for findings of fact and conclusions of law shall be made before the entry of a magistrate's decision or within seven days after the filing of a magistrate's decision." Stephen does not dispute the untimeliness of his request, and the record confirms that his request was untimely. Thus, this argument lacks merit.

11

**{¶55}** Notwithstanding the lack of detailed findings of fact, Stephen argues the trial court should have reduced his spousal support obligation because he established his income had decreased and his living expenses increased. He claims that his income was $35,000 less than at the time of divorce. We disagree. Stephen's income at the time of divorce was $115,000 in 2012 and $125,000 in 2011. In 2014, however, he earned more than $140,000. Furthermore, the magistrate found in its judgment entry on remand that Stephen earned "approximately $133,000 in 2015." The trial court subsequently adopted and approved the magistrate's decision on remand, including this finding. Ruthann asserts that testimony at the hearing on remand established that Stephen was on track to earn $133,000 for 2015.

**{¶56}** Because the transcript for this January 19, 2016 remand hearing is not before us, we cannot review the trial court's decision on this basis, and Stephen has waived any argument to the contrary. *Selby v. Selby*, 7th Dist. Belmont No. 06 BE 55, 2007-Ohio-6700, ¶12 (finding that appellant's failure to secure the requisite transcript constitutes a waiver of any factual issue determined by the magistrate); *White v. Davia*, 7th Dist. Harrison No. 11-HA-4, 2012-Ohio-2820, ¶13.

**{¶57}** Additionally, Stephen's testimony at the hearing regarding a decrease in his income was prospective. He explained that his company's future is bleak since the oil and gas industry is not performing as expected. However, he still earned a $12,000 bonus in 2015 based on his company's 2014 performance, and Stephen still worked 66 hours of overtime at a rate of $62.38 per hour during the first half of 2015. While Stephen's concerns regarding the future of his employment and income may be legitimate, his income has not yet been affected by his company's forecasted decline.

Thus, this does not constitute a change in circumstances warranting modification of his support obligation.

**{¶58}** Stephen next argues that three student loans that he cosigned for the parties' adult children have recently become due, with monthly payments of $125, $358, and $468. Stephen testified that his adult children cannot make the payments, and thus, he "has to" pay the loans. There was no explanation or testimony as to why the parties' children cannot pay their own loans, and Ruthann argues that Stephen has voluntarily chosen to pay the loans. The trial court apparently agreed with Ruthann, and absent findings of fact, we find no abuse of discretion on this issue.

**{¶59}** We agree that Stephen established that some of his living expenses, including rent and utilities, have increased since the trial court's initial spousal support award. His rent and utilities have increased because his prior home was sold by his landlord necessitating a move. His rent increased from $550 per month to $870 per month. His testimony as to his increased living expenses is undisputed.

**{¶60}** However, Stephen's decision to purchase a new truck at $605 per month was a voluntary one, and as such, cannot constitute a substantial change in circumstances under R.C. 3105.18(F).

**{¶61}** Although Stephen has incurred some increased living expenses, his income has also increased in 2014 and 2015. Thus, we cannot find that the trial court abused its broad discretion in not finding a substantial change in circumstance warranting a reduction of his spousal support obligation. His second assignment of error lacks merit.

13

{¶62} Based on the foregoing, the judgment of the trial court is affirmed in part and reversed in part and remanded for further proceedings.


CYNTHIA WESTCOTT RICE, P.J.,

TIMOTHY P. CANNON, J.,

concur.