[Cite as *Nikooyi v. Nikooyi*, 2022-Ohio-3239.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

ALEXANDER NIKOOYI,  :

    Plaintiff-Appellant,  :

                                   No. 111392

    v.  :

VASILIKI NIKOOYI, ET AL.,  :

    Defendants-Appellees.  :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 15, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-928202

---

### *Appearances:*

Alexander Nikooyi, *pro se.*

EILEEN T. GALLAGHER, J.:

{¶ 1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1. Defendant-appellant, Alexander Nikooyi ("Nikooyi"), pro se, appeals the dismissal of his complaint and claims the following three errors:

> 1. The trial court erred in ruling that appellant had no standing to sue for emotional distress and dismissing claims regarding emotional distress.

2. The trial court erred and abused its discretion in denying the appellant's motions for extension of the discovery period, motions for psychological assessment, and all other discovery motions.

3. The trial court erred in compelling the appellant to file a motion for summary judgment despite him not having any desire to do so, further complicating the case and demonstrating an abuse of discretion, deeming evidence in the summary judgment as inadmissible and dismissing the entire case the same day.

{¶ 2} We affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 3} In January 2020, Nikooyi filed a pro se complaint against his parents, defendants-appellees Vasiliki ("Vasiliki") and Hamid Nikooyi ("Hamid") (collectively "appellees"), asserting 11 claims for relief composed of six counts of intentional infliction of emotional distress, one count of slander pro quod, one count of invasion of privacy, two counts of battery, and one count of negligent infliction of emotional distress.

{¶ 4} In his fourth amended complaint, filed on August 25, 2020 ("Amended Complaint"), Nikooyi states that he lived with his parents until "mid-2016," when he was 22 years old. He alleges that his mother, Vasiliki, intentionally inflicted emotional distress on him by destroying his belongings, improperly screaming at him as a method of discipline, using rude words, and prohibiting him from talking to his sister, who was still a minor when the complaint was filed. (Amended Complaint ¶ 2, 6, 12.) He claims that his father, Hamid, intentionally inflicted emotional distress on him by "calling him rude names like animal" and "saying 'fine'

or 'do it' when [Nikooyi] would say he was feeling suicidal." (Amended Complaint ¶ 6.) He alleges that these acts continued "throughout the past till mid 2016." (Amended Complaint ¶ 4-6.)

{¶ 5} Nikooyi alleges that his parents intentionally inflicted emotional distress on him by failing to take care of his sister's health. He claims: "The parents will not correct the sister's teeth * * * with the correct orthodontic procedure, at [Nikooyi]'s request thus causing him distress in the process, nor will they allow him to verify that her teeth appear to be growing correctly." (Amended Complaint ¶ 13.) He also claims his parents purposefully mistreated his sister in order to cause emotional distress to Nikooyi, who witnessed the mistreatment. He alleges he witnessed the mistreatment of his sister until "mid 2016," but that the problem with his sister's teeth have continued "throughout the past and currently." (Amended Complaint ¶ 12-13.)

{¶ 6} Nikooyi alleges that appellees slandered him by telling his younger sister that he was "mentally ill." He claims that his sister is now "convinced [Nikooyi] is bad or mentally ill." (Amended Complaint ¶ 7.) The complaint further alleges that appellees made misrepresentations about Nikooyi to "other people as well, especially family members (aunts, uncles etc.) * * * because of all the times [Nikooyi] has been held in psychiatric wards[.]" (Amended Complaint ¶ 7.)

{¶ 7} Nikooyi claims that Hamid committed two counts of battery and intentionally inflicted emotional distress on him by "hitting him with a hockey stick," and throwing things at him. (Amended Complaint ¶ 3, 9.) He also claims

Hamid "assisted someone else in attacking [Nikooyi]," and prevented Nikooyi from breathing. (Amended Complaint ¶ 11.) The first count of battery allegedly occurred in 2001, and the second count allegedly occurred in 2019. (Amended Complaint ¶ 9, 10-11.)

{¶ 8} Nikooyi further alleges that Hamid invaded his privacy by taking his computer from his bedroom, removing a sign from his bedroom and entering Nikooyi's "private room with reckless disregard for his privacy and state of mind during inopportune times." (Amended Complaint filed Aug. 25, 2020, ¶ 8.) He asserts that invasions "of this type occurred throughout life until around mid 2016." (Amended Complaint filed Aug. 25, 2020, ¶ 8.)

{¶ 9} Finally, Nikooyi alleges that appellees committed one count of negligent infliction of emotional distress and one count of intentional infliction of emotional distress by visiting Nikooyi while he was in the hospital for a psychiatric condition. He alleges appellees inappropriately spoke with Nikooyi's attending physician and misled the doctor as to the cause of his mental illness.

{¶ 10} In the prayer for relief, Nikooyi asked the court for (1) a mandatory injunction requiring appellees to undergo psychological counseling, evaluation, and parenting classes, (2) an injunction enjoining appellees from homeschooling Nikooyi's minor sister, (3) an order requiring protective supervision of Nikooyi's sister by an appropriate governmental agency, (4) an order allowing Nikooyi to talk to his sister, (5) an order requiring appellees to correct his sister's teeth with the appropriate orthodontic treatment, (6) an injunction prohibiting appellees from

speaking with Nikooyi's health care providers, and (7) any relief the court deems reasonable and just.

{¶ 11} Appellees, who were represented by counsel, filed an answer and a motion to dismiss the complaint. However, their attorney withdrew from representation before the motions were ruled on and before the fourth amended complaint was filed. The fourth amended complaint rendered the motion to dismiss moot, and appellees neither retained new counsel nor filed another motion to dismiss. After the case had been pending for two years, the court instructed Nikooyi to file a motion for summary judgment and warned that failure to file the motion would result in a dismissal of his case for failure to prosecute. Nikooyi complied with the court's order and filed a motion for summary judgment as well as an amended motion for summary judgment.

{¶ 12} The court denied the motion for summary judgment. In its judgment entry denying the motion, the court explained that

> [n]one of the "'evidence'" provided by plaintiff in his motion for summary judgment were [sic] properly authenticated and are therefore stricken. As there remains no other evidence or brief besides the recitation of the unauthenticated "'evidence,'" the motion for summary judgment must be denied.

{¶ 13} Thereafter, the trial court sua sponte dismissed the fourth amended complaint because it failed to state a claim upon which relief could be granted. The trial court found that Nikooyi's claims for slander and battery were barred by the applicable statutes of limitations. The court also found that Nikooyi failed to establish a prima facie case of slander defamation. Finally, the court concluded that

Nikooyi failed to establish a prima facie case for a single count of intentional infliction of emotional distress.[1]  The court explained:

> To the extent that any of the conduct alleged by plaintiff took place within the four year statute of limitations, a necessary element of a prima facie case of intentional infliction of emotional distress is "that the mental anguish suffered by plaintiff is serious and of a nature that no reasonable person could be expected to endure it." *Burks v. Torbert*, 8th Dist. Cuyahoga No. 91059, 2009-Ohio-486, ¶ 19.  "A plaintiff may prove a debilitating emotional injury through the testimony of an expert or lay witnesses acquainted with the plaintiff who have observed significant changes in the emotional or habitual makeup of the plaintiff.  A self-serving affidavit, however, is insufficient to overcome summary judgment as to this element of intentional infliction of emotional distress." *Id.* at ¶ 20.  Plaintiff has not plead or introduced evidence within the complaint, or his numerous filings, [that] there exists conduct that would qualify as intentional infliction of emotional distress.  Accordingly, plaintiff's claim for intentional infliction of emotional distress is hereby dismissed.

{¶ 14} Nikooyi now appeals the trial court's judgment.

## II.  Law and Analysis

### A.  Intentional Infliction of Emotional Distress

{¶ 15} In the first assignment of error, Nikooyi argues the trial court erred in dismissing his claims for intentional infliction of emotional distress.  To establish a claim of intentional infliction of emotional distress, the plaintiff must demonstrate that (1) the defendant intended to cause the plaintiff serious emotional distress; (2) the defendant's conduct was extreme and outrageous, and (3) the defendant's

---

[1] The judgment entry dismissing the fourth amended complaint does not explain its reasons for dismissing the invasion of privacy claim.  However, because Nikooyi does not argue that the trial court erred in dismissing this claim, the lack of explanation is of no consequence.

conduct was the proximate cause of plaintiff's serious emotional distress. *Phung v. Waste Mgt., Inc.*, 71 Ohio St.3d 408, 1994-Ohio-389, 410, 644 N.E.2d 286.

{¶ 16} Extreme and outrageous conduct is conduct that goes beyond all possible bounds of decency and is so atrocious that it is "utterly intolerable in a civilized community." *Yeager v. Local Union 20*, 6 Ohio St.3d 369, 375, 453 N.E.2d 666 (1983). "Mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities" are insufficient to sustain a claim for relief. *Lloyd v. Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 107214, 2019-Ohio-1885, ¶ 14, quoting *Yeager* at 375.

{¶ 17} Moreover, to establish an intentional infliction of emotional distress claim, the plaintiff bears the burden of proving that he sustained a severe emotional injury. *Allen v. Pirozzoli*, 8th Dist. Cuyahoga No. 103632, 2016-Ohio-2645, ¶ 11. "A plaintiff can prove severe and debilitating emotional injury through the testimony of an expert or lay witnesses acquainted with the plaintiff who have observed significant changes in the emotional or habitual makeup of the plaintiff." *Id.*, citing *Burks v. Torbert*, 8th Dist. Cuyahoga No. 91059, 2009-Ohio-486, ¶ 20. Self-serving statements, however, are not sufficient to establish this element of intentional infliction of emotional distress. *Id.*, citing *Burks* at ¶ 20.

{¶ 18} Nikooyi failed to present any evidence, expert or otherwise, to establish that he suffered a severe emotional injury as a result of his parents' conduct. The trial court afforded Nikooyi the opportunity to provide sworn

testimony from experts and lay witnesses when it instructed him to file a motion for summary judgment, but he failed to do so.

{¶ 19} Furthermore, the fact that Nikooyi is not a lawyer and represents himself pro se does not change his burden to produce evidence in support of his claims. The plaintiff in a civil case bears the burden of proof on each essential element of any claim for relief set forth in the complaint. *Winston v. Jake Sweeney Automotive, Inc.*, 1st Dist. Hamilton No. C-910868, 1992 Ohio App. LEXIS 6024, *4 (Dec. 2, 1992), citing *Charles A. Burton, Inc. v. Durkee*, 162 Ohio St. 433, 123 N.E.2d 432 (1954); *Schaffer v. Donegan*, 66 Ohio App.3d 528, 585 N.E.2d 854 (2d Dist.1990). "Under Ohio law, pro se litigants are held to the same standard as all other litigants." *Bikkani v. Lee*, 8th Dist. Cuyahoga No. 89312, 2008-Ohio-3130, ¶ 29, citing *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363, 676 N.E.2d 171 (8th Dist.1996). Therefore, the trial court correctly concluded that Nikooyi's intentional infliction of emotional distress claims fail due to lack of evidence.

{¶ 20} Accordingly, the first assignment of error is overruled.

### B. Discovery

{¶ 21} In the second assignment of error, Nikooyi argues the trial court erred in denying his motions to compel appellees and his sister to submit to psychiatric evaluations. He also claims the court erred in denying his request for an extension of time to conduct discovery.

{¶ 22} Civ.R. 35 governs orders for the physical or mental examination of persons and states, in relevant part:

> When the mental or physical condition (including the blood group) of a party * * * is in controversy, the court in which the action is pending may order the party to submit himself to a physical or mental examination * * * . The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Civ.R. 35(A). Thus, before the court may order a psychiatric examination, the moving party must demonstrate that the mental conditions of the identified persons are "in controversy" and that there is "good cause" for the examinations. *In re Guardianship of Johnson*, 35 Ohio App.3d 41, 44, 519 N.E.2d 655 (10th Dist.1987). Once the moving party meets these requirements, the decision to order such an examination is within the discretion of the court. *Brossia v. Brossia*, 65 Ohio App.3d 211, 215, 583 N.E.2d 978 (6th Dist.1989).

{¶ 23} Appellees' mental conditions are not "in controversy" because they are not claiming mental or emotional injury. Even if appellees and his sister have psychiatric conditions, those conditions are not relevant to Nikooyi's claims. As previously stated, in order for Nikooyi to prevail on a claim for intentional infliction of emotional distress, he had to establish that appellees engaged in extreme and outrageous conduct that was the proximate cause of his severe emotional injury. *Phung*, 71 Ohio St.3d at 410, 644 N.E.2d 286. The controversy, therefore, is not whether appellees and his sister had some kind of mental condition; the controversy is whether appellees' conduct was extreme and outrageous and, if so, whether their conduct proximately caused Nikooyi's alleged injury. Whether they have psychiatric

conditions is not relevant to this determination. Therefore, the trial court properly denied Nikooyi's motion for psychological evaluations.

{¶ 24} The trial court also acted within its discretion in denying Nikooyi's motion for extension of the discovery deadline. A trial court enjoys broad discretion in the regulation of discovery proceedings including the imposition of discovery deadlines. *WFG Natl. Title Ins. Co. v. Meehan*, 8th Dist. Cuyahoga No. 105677, 2018-Ohio-491, ¶ 18.

{¶ 25} An abuse of discretion occurs when "a court exercise[es] it's judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35. "'The term "abuse of discretion" * * * implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *State v. White*, 118 Ohio St.3d 12, 2008-Ohio-1623, 885 N.E.2d 905, ¶ 46, quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 26} Nikooyi filed the complaint initiating this action in January 2020, and appellees filed an answer on March 17, 2020. The trial court ordered discovery to be completed by October 30, 2020. Thus, Nikooyi had more than seven months to complete discovery before the discovery deadline. (See judgment entry dated July 2, 2020.) Yet, according to Nikooyi's motion for extension of time, he waited until September 2020, before attempting to take his sister's deposition. He then discovered he was required to obtain subpoena approval from a Michigan court because his sister lives in Michigan. He argued that he needed additional time to

obtain the subpoena, in part, because obtaining a foreign subpoena is difficult for a pro se litigant and because he was unable to find an attorney interested in assisting him with this case. (Motion for extension of time filed Sept. 14, 2020.)

{¶ 27} However, as previously stated, "pro se litigants are held to the same standard as all other litigants." *Bikkani*, 8th Dist. Cuyahoga No. 89312, 2008-Ohio-3130, at ¶ 29. And, six months had elapsed since the time appellees answered the complaint and Nikooyi's attempt to subpoena his sister. We cannot say the trial court abused its discretion in denying Nikooyi's request to extend the discovery deadline when he waited until the discovery deadline was six weeks away before attempting to take his sister's deposition. And, there remained six weeks within which Nikooyi could obtain his sister's deposition before the discovery deadline expired. Furthermore, this is not a case where the plaintiff endeavored to obtain discovery soon after the complaint was filed and the defendants caused the delay requiring the extension. To the contrary, if there were any delay, it was caused by Nikooyi himself.

{¶ 28} Therefore, the second assignment of error is overruled.

### C. Summary Judgment

{¶ 29} In the third assignment of error, Nikooyi argues the trial court erred in compelling him to file a motion for summary judgment despite him not having any desire to do so. He contends the trial court's order requiring him to file a motion for summary judgment further complicated the case and demonstrated "wrong discretion."

{¶ 30} "Trial courts have inherent power to manage their own dockets and the progress of the proceedings before them." *Sultaana v. Barkia Ents.*, 8th Dist Cuyahoga No. 109122, 2020-Ohio-4468, ¶ 6, citing *State ex rel. Charvat v. Frye*, 114 Ohio St.3d 76, 2007-Ohio-2882, 868 N.E.2d 270, ¶ 23. This authority includes the power to order parties to file briefs on issues in the case. *See, e.g., Schmahl v. Powers*, 8th Dist. Cuyahoga No. 99115, 2013-Ohio-3241 (ordering parties to brief the issue of whether the court had "jurisdiction to order CSEA not to pursue collection of support arrears owed by a party in a Domestic Relations case"); *In re Estate of Shoemaker*, 4th Dist. Adams No. 17CA1039, 2017-Ohio-8699 (trial court ordered parties to brief the relevant legal authority regarding the settlement of will contests by agreement).

{¶ 31} This case was pending for almost two years before the court ordered Nikooyi to file a motion for summary judgment. The motion afforded Nikooyi the opportunity to present evidence in support of his claims and allowed the court to assess the merits of his claims before dismissing his claims. Under these circumstances, we cannot say that the trial court abused its discretion to regulate its own docket when it ordered Nikooyi to file a motion for summary judgment.

{¶ 32} Accordingly, the third assignment of error is overruled.

{¶ 33} We acknowledge that the trial court sua sponte dismissed Nikooyi's fourth amended complaint. "[T]he Rules of Civil Procedure neither expressly permit nor forbid courts to sua sponte dismiss complaints." *See State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 108, 647 N.E.2d 799 (1995).

Generally, a court may dismiss a complaint on its own motion pursuant to Civ.R. 12(B)(6), failure to state a claim upon which relief may be granted, only after the parties are given notice of the court's intention to dismiss and an opportunity to respond. *Id.* However, we have recognized an exception to the general rule and allowed sua sponte dismissals without notice where the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint. *X-S Merchandise, Inc. v. Wynne Pro, L.L.C.*, 8th Dist. Cuyahoga No. 97641, 2012-Ohio-2315, ¶ 17, fn. 2, citing *Dunn v. Marthers*, 9th Dist. Lorain No. 05CA008838, 2006-Ohio-4923.

{¶ 34} The trial court in this case did not expressly warn Nikooyi that it might sua sponte dismiss his complaint. However, the court gave Nikooyi an opportunity to present evidence in support of his claims by filing a motion for summary judgment. After Nikooyi filed the motion for summary judgment, it was clear that Nikooyi could not prevail on any of the facts alleged in the complaint because Nikooyi failed to provide evidence in support of any of his claims. Therefore, the sua sponte dismissal of his complaint was appropriate.

{¶ 35} Finally, we note that although the court dismissed all of Nikooyi's claims, he only argues that the court erred in dismissing his intentional infliction of emotional distress claim. He does not dispute the trial court's findings that his slander and battery claims were barred by the applicable statutes of limitations nor does he assert that the court erred in dismissing his invasion of privacy claim. And,

again, because Nikooyi failed to present evidence to support any of his intentional infliction of emotional distress claims, the trial court properly dismissed them.

{¶ 36} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

MICHELLE J. SHEEHAN, P.J., and
MARY EILEEN KILBANE, J., CONCUR